(89 South. 457)

### TURK v. TURK et al. (1 Div. 203.)

(Supreme Court of Alabama. June 30, 1921.)

1. **Executors and administrators ⚖329(1)—Lands subject to debts of decedent.**

Real estate of decedent is subject to payment of his debts if his personal property is insufficient therefor, under Code 1907, § 2620.

2. **Partition ⚖55(2)—Bill should show death of party through whom land was claimed under probated instrument.**

A bill for partition of land, based on a probated instrument, should clearly state the death of the person executing the instrument.

3. **Deeds ⚖99—To be construed together with deed referred to therein.**

Where one deed refers to another deed, they should be construed together.

4. **Equity ⚖144—Bill should harmonize in its statement of facts.**

A bill should harmonize in its statement of the facts.

5. **Wills ⚖88(1)—Whether instrument is will or deed controlled by intent.**

Whether an instrument, complying in form with Code 1907, § 3355, signed by grantor who wrote her own name, attested by two witnesses, was a deed or a will was controlled by intent of the maker, being probated by one of the subscribing witnesses almost in the words of the form for deeds (Code 1907, § 3362) before it was recorded.

6. **Wills ⚖88(1)—Greater latitude allowed in construction where drawn by inexperienced hand.**

Where an instrument shows on its face that it was drawn by a person that wrote and composed poorly, greater latitude should be given in determining its character as a deed or will than if it had been drawn by an experienced hand.

7. **Deeds ⚖41—Land sufficiently described by reference to another deed.**

Land may be properly described in a deed by referring to another deed, and a deed, for "The following lands described in this deed, not including any lands now sold off to other parties who hold deeds given them by my husband and self jointly," sufficiently described the property; deed referred to being a partition deed of lands to her.

8. **Wills ⚖88(1)—Instrument held deed.**

An instrument, "Know all men by these presents that I do hereby give, bequeath & to my husband L. all the powers conveyed to me by this certain deed, made to me by S., * * * the following lands described in this deed, not including any lands now sold off to other parties who hold deeds given them by my husband & self jointly," signed and witnessed in compliance with Code 1907, § 3355, *held* a deed conveying a present interest, and not a will.

Sayre, J., dissenting.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Bill by T. S. Turk, individually and as administrator of the estate of Labon Turk, against G. C. Turk and others, to sell lands to pay debts and for division, seeking also to merge this suit with a petition heretofore filed by another heir of Labon Turk to sell said lands, and have both considered together. From a decree sustaining demurrers to the bill, complainants appeal. Reversed and remanded.

Hybart & Hare, of Monroeville, for appellants.

Administration by an heir desiring it is a matter of right. 29 Ala. 278; 52 Ala. 124. An administrator may sell for division, although there are no debts. Section 2621, Code 1907. It is the duty of the court to ascertain and enforce the intention of the conveyancer. 65 Ala. 602; 200 Ala. 176, 75 South. 924; 160 Ala. 276, 49 South. 312; 205 Ala. 236, 87 South. 684; 200 Ala. 126, 75 South. 574; 18 C. J. 263, note 64. The instrument is a deed. 40 Cyc. 1085; 35 Ala. 628; 68 Ala. 216; 106 Ala. 131, 18 South. 60. Referring to the partition deed, the instrument is not void for uncertainty, and can in all respects be made certain. 18 C. J. 281; section 3424 et seq., Code 1907; 143 Ala. 446, 39 South. 325; 108 Ala. 278, 19 South. 354; 18 C. J. 162.

Barnett, Bugg & Lee, of Monroeville, for appellee.

The appellant relies upon section 3356, Code 1907, and says that the deed under that section conveyed the legal title to Labon Turk, but the supposed intention of the parties cannot overcome the express terms of the conveyance. 18 C. J. 254–256; 13 Cyc. 606. A senseless nullity cannot be made by statute a binding conveyance. 73 Ala. 580; 78 Ala. 111.

MILLER, J. This bill was filed by T. S. Turk, individually and as administrator of the estate of Labon Turk, deceased, against G. C. Turk and others, to sell certain land therein described for division among the heirs of the estate of Labon Turk, on the ground that it cannot be equitably partitioned and for the further purpose of paying the debts of the estate, the personal property being insufficient. The land is described, and the exact interest of each party in the title is stated in the bill.

[1] The bill avers that Labon Turk, deceased, owned the land by deed conveying it to him by his wife, Sarah Turk. The heirs and parties are children of Labon and Sarah Turk. The attorneys in their argument concede that there is only one question in the case; that is, the validity of the deed. Is it void for uncertainty? If void, then the heirs of Sarah Turk, parties to the suit, own

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the land, and it is not subject to the debts of the estate of Labon Turk. If the deed is void Labon Turk inherits a life estate in the land at the death of his wife, and her heirs, the parties to this suit, inherited the remainder. If the deed is valid, conveying to him the land, then the land is subject to the payment of his debts, if the personal property is insufficient therefor. He died intestate. Section 2620, Code 1907.

A copy of the instrument is attached to the bill as an exhibit, and the original is sent to this court for inspection under order of the judge of the court below. Supreme Court Rule 24, p. 1511, Code 1907.

[2] There were many grounds of demurrer to the bill of complaint. The court sustained the demurrers, holding that Labon Turk owned no interest in this land at his death; that the instrument executed by Sarah Turk to him, through which he claimed title, was void and hence conveyed no title to him. The instrument reads as follows:

"The State of Alabama Monroe Co.

"This 7th day of September 1914.
Know all men by these presents that I do hereby give bequeath & to my husband Labon Turk all the powers conveyed to me by this certain deed made to me by Susan U. Sampey on the 8th day of June 1878 the following lands described in this deed not including any lands now sold off to other parties who hold deeds given them by my husband & self jointly.

"Signed this the 7th September 1914

"Sarah Turk.

"Witness:
"R. J. Stallworth.
"J. N. Andress."

Written below the signatures is a probate of the instrument by J. N. Andress, one of the subscribing witnesses before G. A. Fountain, a notary public and ex officio justice of the peace. It is in part in the form required by law. Section 3362, Code. It is signed and dated by the official on October 19, 1914. It was filed in the probate office of Monroe county, Ala., for record, and duly recorded in volume 79 of Deeds, page 331, on January 11, 1915, as shown by the indorsement of the judge of probate on the back of the paper.

The bill does not aver when Sarah Turk died. Her death is inferred only from other allegations. It should be clearly stated.

[3] It appears from the bill that Mrs. Sarah Turk and Mrs. Susan U. Sampey owned jointly certain lands in Monroe county. They partitioned the land; each gave the other a deed to the part allotted to the other in the mutual division. Susan U. Sampey, on June 8, 1878, conveyed her half interest in the following land to Mrs. Sarah Turk, to wit: E. ½ of W. ½ of N. E. ¼ and E. ½ of W. ½ of S. E. ¼ and E. ½ of S. E. ¼ and E. ½ of N. E. ¼ of section 28; also W. ½ of section 27; containing 560 acres, all in township 10, range 9 in county of Monroe, Ala. The consideration of this deed was the conveying by Mrs. Turk to Susan U. Sampey her half interest in other lands described in the deed. This deed was dated June 8, 1878. It is referred to in the instrument executed by Mrs. Turk to Labon Turk, by this date and by the name of the grantor. The two instruments must be looked to and construed together. Each sheds light on the other.

The bill describes the land belonging to the estate of Labon Turk, received by him from his wife, as follows: S. E. ¼ of N. E. ¼, E. ½ of W. ½ of S. E. ¼ of section 28; S. ½ of N. E. ¼ of S. W. ¼ of section 27; S. E. ¼ of N. E. ¼ and E. ½ of S. W. ¼ of N. E. ¼ of section 34; N. W. ¼ of N. W. ¼, less 7 acres in north end, S. W. ¼ of S. W. ¼, less 10 acres in S. W. part, and W. ½ of E. ½ of S. W. ¼ of section 35, township 10, range 9, Monroe county, Ala.

The bill affirmatively shows that a part of the land described in it does not belong to the estate of Labon Turk. It avers he owned it at his death, but gives the claim of his title to it through the instrument from his wife and the description of it in the partition deed. The partition deed conveys and describes to Mrs. Sarah Turk only a part of the land described in the bill as belonging to Labon Turk at his death. That land which the record discloses does not belong to him, cannot be sold either to pay his debts or for division among his heirs by decree of the court. The partition deed described 560 acres of land conveyed to Mrs. Turk. Only 100 acres of this land is described in the bill of complaint. The bill describes about 163 acres in sections 34 and 35, which are not conveyed by the partition deed to Mrs. Turk.

[4] The question is not raised by demurrers, but the bill should harmonize in its statement of the facts.

[5] This instrument is in writing. It is signed by the grantor, who writes her own name. Its execution is attested by two witnesses who are able to write, and who wrote their names as witnesses. This makes it in form comply with section 3355 of the Code of 1907 for conveyances of real estate.

Is it a will or deed by intent of grantor? The intent of the maker is the controlling question. That is the key for its interpretation. There are two witnesses to it. It was delivered. Deeds must be delivered; wills not necessarily so, and unusual if they are. It was probated by one of the subscribing witnesses almost in the words of the form for deeds (section 3362, Code of 1907) on the 19th of October, 1914, before it was recorded. It was recorded in the probate office of Monroe county. It uses the word "bequeath," which looks like a will. All the other earmarks and words indicate it was intended as a deed. It commences with "Know all men by these presents," the beginning words of a deed for ages past. All facts indicate

a gift in præsenti, and not at death. Death is not mentioned in it. Thus it appears to have been intended as a deed of gift, and not as a will by the grantor. Gillham v. Mustin, 42 Ala. 365; Abney v. Moore, 106 Ala. 131, 18 South. 60.

[6] Section 3356 of the Code of 1907 declares:

"Any instrument in writing signed by the grantor * * * is effectual to transfer the legal title [of the grantor] to the grantee, if such was the intention of the grantor, to be collected from the entire instrument."

It is in writing, signed by the grantor and names the grantee. It uses at least one granting word, "give," and the other, "bequeath," might be considered as such even in a deed, when drawn by an unskilled hand. Does it describe the land intended to be given? What does it give to Labon Turk? This instrument shows on its very face that it was drawn by a person that wrote and composed poorly. Hence greater latitude should be given in its construction than if it had been drawn by an experienced hand. Wallace v. Hodges, 160 Ala. 276, 49 South. 312.

In construing it the court must look to the intent of the parties. If it "admits of two constructions, that favorable to its validity and that more favorable to the grantee will be accepted." Dinkins v. Latham, 154 Ala. 99, 45 South. 60; McCombs v. Stephenson, 154 Ala. 116, 44 South. 867; Ala. Corn Mills Co. v. Mobile Docks Co., 200 Ala. 126, 75 South. 574.

This land had been held and owned jointly by Mrs. Turk and Mrs. Sampey. It was in the "power," possession and control of both before it was divided. When divided by the partition deed of June 8, 1878—copy of which is attached as an exhibit to the bill— each had thereafter full and exclusive "power" over, control and possession of, the land conveyed. When the unskilled grantor used these words in the instrument, "I do hereby give, bequeath all the powers conveyed to me by this certain deed made to me by Susan U. Sampey," she was thinking, no doubt, of her former joint power over and joint control of the land with Mrs. Sampey, and wished to give him (her husband), the grantee, full power over the land which she acquired by the partition deed as well as the land in the deed. This clause as to the "powers conveyed" by the partition deed was unnecessary, but to an unskilled grantor it might have appeared otherwise.

[7] This instrument signed by Sarah Turk to her husband refers to the partition deed given to her by Susan U. Sampey. It refers to the date, and gives the name of the grantor. This identifies it in the bill. When one deed or instrument refers to another so it can be identified, each can be looked to, and both should be considered together for purposes mentioned by the reference. In this instrument it is clearly referred to for the purpose of identifying the property intended to be conveyed. Doe v. Cullum, 4 Ala. 576; Barker v. Mobile Elec. Co., 173 Ala. 28, 55 South. 364; Birmingham Sec. Co. v. South. University, 173 Ala. 116, 55 South. 940; Thrasher v. Royster, 187 Ala. 350, 65 South. 796; 18 Corp. Jur. p. 281, sec. 250.

Does Mrs. Turk by the instrument to her husband sufficiently identify the land she intended to give him? We think so. In this instrument she says:

"I do hereby give bequeath to my husband Labon Turk * * * the following lands described in this deed not including any lands now sold off to other parties who hold deeds given them by my husband & self jointly."

In this way she described the land she intended to give her husband, as all land in the partition deed owned by her, which she and her husband had not previously sold and conveyed to others. Thus the land could be made certain that was conveyed, all of her land described in the partition deed, which had not been sold and conveyed by her and her husband, was intended to be given to her husband. The partition deed accurately describes the land conveyed to Mrs. Turk.

From the facts alleged Sarah Turk and her husband, after the partition deed was signed, sold and conveyed to others some of the land described therein. This can be made certain, what was sold off, by reference to the deeds. If any part of the description of the land is uncertain, it is the excepted part, which would not affect the other. Bromberg v. Smee, 130 Ala. 601, 30 South. 483.

[8] This instrument violates no statute. It complies with the form the law requires. It is crudely drawn by an unskilled hand, yet her intent is clear. Her purpose is plain. She intended and she purposed by it to give her husband all the powers conveyed and all of her land described in the Sampey partition deed, except that part of the land which she and her husband since then had sold and conveyed to others. The court will give that construction and effect to her conveyance.

The court erred in sustaining the demurrers to the bill of complaint.

Reversed and remanded.

All the Justices concur, except SAYRE, J., who dissents.