(121 So. 514)

## NIXON v. CITY OF ANNISTON.
### (7 Div. 868.)

Supreme Court of Alabama.   March 21, 1929.

Rehearing Denied April 18, 1929.

220

Chas. F. Douglas, of Anniston, for appellant.

Jas. F. Matthews, of Anniston, for appellee.

FOSTER, J. The testimony tends to show that in 1884, the Woodstock Iron Company as owner of the land had a map made showing lots and streets. On June 3, 1884, this company conveyed a lot to one Todd, described as being lot 6, block 222, on map of town of Anniston. No other map is shown to have been in existence at the time of this deed. This map was not recorded nor produced at the trial, but was shown to have been lost. The Woodstock Iron Company was succeeded by the Anniston City Land Company. On February 22, 1889, this company made a map covering the same land, acknowledged it, and it was duly certified by the engineer and recorded in the probate office. This was subsequent to February 28, 1887, the date of the Act of Alabama, p. 93, then in effect (though prior to the Act of February 26, 1889, Acts 1888–89, p. 53), providing for the registration of such maps. The date of its recordation in the probate office is not shown. By deed dated August 3, 1889, the Anniston City Land Company conveyed to one Chisom a lot now claimed by appellant, and described it· as follows: "Known and designated on the map of the said Anniston City Land Company as a certain lot at the head of Glen Addie Street, facing northward directly down said street, being sixty (60) feet front and 150 feet deep, the front line of said lot being 70 feet south of the south line of Third Street." There was also at that time a map of the land in the office of the company showing this lot more in detail. The controversy here is whether the strip of land between the lot deeded to Chisom and Third has been dedicated as a street. Chisom built a home on his lot, and the strip of land has since been the way of ingress and egress to it. This has been over a period exceeding 30 years. For a time it was worked by the city as a street. Todd likewise many years ago built a home on his lot, facing both this strip and Third street. He also paved a sidewalk east of his lot on this strip. The controverted lot became neglected by the city, and washes, and some trees grew in it. Appellant undertook to care for it, planted shrubs and flowers, and finally built a low wall along Third street preventing its use for

ingress and egress for vehicle travel. The bill was filed in this case by the city at the instance of Todd to enjoin the obstruction.

The city many years ago caused the sidewalks on Third street and Glen Addie to be paved. The pavement of the latter extends south only to its intersection with Third, and does not embrace the strip in question here.

When the dedication of a strip of land depends upon common-law rules, this court in the case of Leeds v. Sharp (Ala. Sup.) 118 So. 572,[1] shows that the clearest intention on the part of the owner must be shown by complainant (claiming the dedication), who carries the burden. Many principles are stated in the Leeds Case which apply on this appeal. This appeal is governed primarily by the rule there stated that when the owner causes his land to be surveyed and platted, whether the plat is recorded or not, and proceeds to sell one or more lots according to the plat, there is a completed dedication of the streets laid out on the plat. Manning v. House, 211 Ala. 570, 100 So. 772.

It is also said by this court in Stack v. Tenn. Land Co., 209 Ala. 449, 96 So. 355, and other cases, that such dedication is irrevocable. This was of course without reference to our statutes providing for revocation under certain circumstances, not here applicable.

The plan or scheme indicated on the plat is regarded as a unit, and all who buy with reference to such general scheme acquire a right in all the public ways designated thereon. And the acceptance by the public of such dedication, though implied, relates to all such ways shown on the map. Highland Realty Co. v. Avondale Land Co., 174 Ala. 326, 56 So. 716; Stack v. Tenn. Land Co., supra.

It was settled in our leading case of Webb v. City of Demopolis, 95 Ala. 116, 13 So. 289, 21 L. R. A. 62, that: "Neither its acquiescence in an obstruction or private use of a street by a citizen, or laches in resorting to legal remedies to remove it, nor the statute of limitations, nor the doctrine of equitable estoppel, nor prescription, can defeat the right of the city to maintain a suit in equity to remove the obstruction."

A city without legislative authority cannot permit the obstruction of a street. State ex rel, v. L. & N. R. R. Co., 158 Ala. 208, 48 So. 391; City of Troy v. Watkins, 201 Ala. 274, 78 So. 50.

In order for a map or plat to be made a part of a conveyance, when it is not recorded as provided by the statute, there must be a certain, definite reference in the instrument to a certain existent map or plat showing the lot intended to be conveyed. Without a recorded map, the mere numbering of lots in the instrument will not suffice

to render a then existent *private* map or plat a part of the conveyance. Further, it is said that: "If the instrument refers with certainty to a particular map or plat, then parol evidence may be received to identify the map or plat so referred to, notwithstanding it may not be attached to the conveyance or may not be filed or received, or may not have been adopted as an official map or plat." Thrasher v. Royster, 187 Ala. 350, 65 So. 796; State v. Meaher, 213 Ala. 466, 483, 105 So. 562.

When the deed refers to a map or survey so it can be identified, it should be considered as a part of the deed. Turk v. Turk, 206 Ala. 312, 314, 89 So. 457; City of Mobile v. Chapman, 202 Ala. 194, 200, 79 So. 566.

We think the only question here is one of dedication. If this strip was effectually dedicated, there is no principle of law or fact shown in evidence to prevent relief to complainant. It will be noted, by the way, that controversy is not with the original owner, the land company, nor one claiming by its authority; that company is not complaining or denying that the land in question was dedicated. The complaint is made by one who has no interest in it, except one of ingress and egress over it as a dedicated highway. Appellant, not showing any right to erect the obstruction, must rely upon the contention that the city cannot force him to remove it because there is no dedicated public right there upon which the city may base its right to relief. We have cited authority to show that there can be no title acquired by adverse user of a dedicated highway.

So far as the record shows there is no other map to which the Todd deed is referable except the one made and then in use, dated in 1884, but which could not be found for this hearing, and was not recorded. But if the reference to it is insufficient, then the deed by the land company on the 3d of August, 1889, referring to the map of the Anniston City Land Company, the grantor in such deed, sufficiently refers to the map of February 22, 1889, signed and acknowledged by said land company and by the engineer, and recorded in the probate office, to effect a dedication of the streets as laid out thereon. For the purpose of reversing the circuit court, we will not presume that this map was not recorded prior to August 3, 1889, the date of the deed to Chisom by the land company, and that such record did not contain the material requirements of the act then in effect. All that the transcript shows in this connection is an acknowledgement, and engineer's certificate, and their date, and the fact that it was recorded in the probate office. The copy of the map does not show all that the record does in this respect. The agreement of counsel refers to it as the "map in probate office by

[1] 218 Ala. 403.

John D. Walker, February 22, 1889." In the absence of a showing to the contrary, and to sustain the ruling of the circuit court, it is our duty to presume it complied with the act of February 28, 1887, or February 26, 1889. But assuming that it is not a statutory map, and that the dedication is dependent upon common-law rules, the same result follows.

We have expressed the view that the deed of August 3, 1889, sufficiently refers to this map to make the same a part of it. This under the common law effected a dedication, implying an acceptance by the public. Highland Realty Co. v. Avondale Land Co., supra. In addition to this, being one of intention, the evidence shows that the city, without any other apparent authority, has taken over many of the streets shown on the map, including the disputed area, paved the sidewalks on much of them, and assumed to work the strip in question. Applying the unit rule above mentioned, this was clearly a dedication of all the streets shown on the map, and acceptance thereof, prima facie, as between the city and the landowner, and a third party cannot question it when he shows that he does not claim the strip under the landowner.

This case was tried by the court on evidence taken orally before the judge thereof. We think that the evidence amply justified his finding of a dedication. As there is no principle applicable therefor which prevents relief to complainant, the circuit court correctly and properly granted such relief. The decree is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.