BRADLEY, Judge.
On May 22, 1980 Andrew and Doris Harvella filed a complaint in the Jefferson County Circuit Court against John T. and Ellaweise T. Crane. The plaintiffs alleged in their complaint that in 1968 they acquired a statutory warranty deed from Paul and Frances Ward to two parcels of land and that the Cranes, without holding any interest in the two parcels, erected a fence along the first parcel of the property and along a portion of the second parcel. The two parcels are described in the complaint as:
“Lots 1, 2, and 3, Block 1, W.D. Reed Survey of Brake, Jefferson County, Alabama; and ...
“A triangular parcel of land which is part of the South Half of the Southeast Quarter of Section 23, Township 14, Range 3, Jefferson County, Alabama, particularly described as follows: Begin where the South line crosses the North line of the Louisville & Nashville Railroad Company, run thence Northerly along the Railroad Company line to the north line of Watts Railroad, thence along said line to within fifteen (15) feet of the center of the South right of way line of the Louisville & Nashville Railroad, thence run southeasterly to the point of beginning, situated in Jefferson County, Alabama.”
The Harvellas asked the court for an injunction against the maintenance of the fence, a judgment for ejectment, and damages for trespass.
The defendants, John T. and Ellaweise T. Crane, requested a jury trial and alleged in their amended answer that they have title to both parcels of property. The Cranes alleged that they acquired title to the first parcel by a deed from Sylvester Parks on March 5, 1965 and title to the second parcel by a deed from Edward and Gladys Ron-ning dated August 5, 1963. The Cranes further alleged that they have been in actual possession of the property and claim the *15 property by adverse possession. In a subsequent amendment the defendants alleged that the plaintiffs’ action should be barred by the doctrine of laches.
A trial of the issues began on August 30, 1982 and on September 8, 1982 the jury returned verdicts in favor of the Harvellas for the two parcels of property, i.e. they were the owners of the property in question. The jury awarded $11 in damages to the plaintiffs. On September 9, 1982 the court entered a judgment which followed the jury verdict. The defendants filed a motion for new trial and it was denied.
The Cranes appeal and raise two issues. The first issue raised is whether the trial court erred by denying the motion for new trial based on the ground that the evidence did not support the jury’s verdict.
As to the first issue, we note that a reviewing court will not reverse a jury’s verdict unless the evidence is so preponderant against the verdict as to clearly indicate that it was wrong and unjust. Cecil Crews Chevrolet-Oldsmobile, Inc. v. Williams, 394 So.2d 912 (Ala.1981). Moreover, the correctness of a jury verdict is strengthened by the refusal of the trial court to grant a new trial. Lewis v. Ritch, 417 So.2d 210 (Ala.Civ.App.1982).
The Cranes assert that a plaintiff in ejectment must recover on the strength of his own title, not on the weakness of defendant’s title. Ray v. Fowler, 265 Ala. 65, 89 So.2d 573 (1956). The defendants state that the survey of the Town of Brake, which is referred to in the deed to one of the two parcels involved in the suit, was not recorded. They argue that since the survey was never recorded, the Harvellas acquired nothing by conveyance to them of “Lots 1, 2, and 3, Town of Brake.” In other words the Harvellas did not have title to the property in question.
We disagree with the Cranes’ contention. If the deed, as in this case, “refers to a map or survey so it can be identified, it should be considered as part of the deed.” Nixon v. City of Anniston, 219 Ala. 219, 121 So. 514 (1929). Moreover, if the deed refers with certainty to a particular map, parol evidence may be received to identify the map notwithstanding it may not have been adopted as an official map. Nixon v. City of Anniston, supra. Testimony given at trial establishes that the map referred to in the deed was made a part of the tax assessor’s records, thus identifying the map with a degree of certainty and definitiveness. Such was sufficient to permit the jury to consider the map as part of the deed to the plaintiffs.
We also note that ample evidence was presented for a finding that plaintiffs had title to the land according to section 6-5-200, Code 1975, dealing with adverse possession. The trial court did not err by denying defendants’ motion for new trial. There is ample evidence to support the verdict of the jury that the Harvellas were the owners of the property in question and that the Cranes should be ejected therefrom.
The defendants’ second issue is whether the trial court erred by denying the motion for new trial based upon the ground that the court refused to give the following requested jury charge:
“I charge you ladies and gentlemen of the jury that if an adjoining owner erects a building on his property that encroaches on the land of another, through ignorance or mistake as to the boundary between the tracts of land, and maintains his building thus for ten (10) years or more without opposition from the true owner, a title by prescription is conferred on him to that land encroached on that is good as against the former owner.”
The defendants presented testimony showing that a shed and garage belonging to them encroached on the plaintiffs’ property and had done so for many years. They argue that based on this evidence the jury could have returned a verdict for adverse possession involving less than the totality of the two parcels.
In the order denying the motion for new trial, the court stated:
*16 “In respect to the grounds of the said motion as they relate to a garage and shed, it appears now as it appeared prior to and at the time of trial, that at no time have the Defendants filed their suggestion in writing that the action or any part of it arose from a boundary line dispute describing therein the location of the true boundary line. § 6-6-285, Code of Alabama 1975. Furthermore, there was no evidence presented of a boundary line encompassing the averred garage and shed from which the jury could have based a verdict finding for the Defendants on a claim of adverse possession to less than the entirety of the parcel of land involved. Such being the case, the Court concludes that there was no issue to appropriately place before the jury in respect to the averred garage and shed.”
As pointed out in its judgment, the trial court found that the defendants had not filed a suggestion that the action arose from a boundary line dispute, nor had evidence been presented showing a boundary line that included the garage and shed so that the jury could find for the defendants on a claim of adverse possession. For these reasons the trial court held that no issue could appropriately be placed before the jury as to the garage and shed. We agree and hold that the trial court did not err by refusing to give the requested jury charge.
This case is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.