## Alston *et al.* v; Marshall *et al.*

*Bill in Equity for an Injunction and the Establishment of a Trust.*

1. *Bill to enjoin mortgage sale and establish trust; notice to mortgagee; burden of proof.*—On a bill to enjoin the sale of land under a mortgage and to establish a trust therein, where it is averred in the bill that before the execution of the mortgage the mortgagee had notice of the equitable interest and claim of complainant, the burden of proving such notice is upon complainant; and if this burden is not discharged, relief cannot be granted and the bill is properly dismissed.

2. *Same; usury; when no ground for relief against mortgagee.*—In such a suit, relief can not be had against the mortgagee on the ground that

[Alston *et al.* v. Marshall *et al.*]

he is not an innocent purchaser, because of usury in the loan for which the mortgage on the property was given, when the bill seeking relief contains no allegations as to the existence of usury in the mortgage debt.

3. *Mortgage as security for pre-existing debt; when mortgagee therein innocent purchaser.*—The fact that a mortgage is taken as security for a pre-existing debt, does not prevent the mortgagee being an innocent purchaser, if at the time of taking it the mortgagee released other security and extended the time of payment.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellants, Robert N. Alston and others, against E. C. Marshall and others, the appellees ; and prayed for an injunction of the sale of certain lands which were conveyed in a mortgage to the respondent, E. C. Marshall, and for the establishment of a trust in said lands in favor of the complainants. The facts of the case are sufficiently stated in the opinion.

Upon the submission of the cause on the pleadings and proof, the chancellor decreed that the complainants were not entitled to the relief prayed for, and dismissed the bill. From this decree the complainants appeal and assign the same as error.

S. H. DENT, JR., for appellant.—The mortgagee in this case was not a *bona fide* purchaser. The rule as to the proof of a *bona fide* purchase is that the party pleading it must establish (1) that he is the purchaser of the legal title ; (2) that he has purchased in good faith ; and (3) that he parted with value by paying money or other valuable thing, assumed a liability or incurred an injury. Then the burden shifts upon the other party to show notice.—*Barton v. Barton*, 75 Ala. 400 ; *Craft v. Russell*, 67 Ala. 9.

The evidence shows that appellee, Marshall, loaned $500 in February, 1892, to W. A. Alston, and about a year afterwards took a note for $650 payable on the first day of March, 1894. This on its face shows usury and makes appellee Marshall a *mala fide* purchaser.—*Meyer Bros. v. Cook*, 85 Ala. 417 ; *Wailes v. Couch*, 75 Ala. 134 ; *McCall v. Rogers*, 77 Ala. 349.

A. H. MERRILL, *contra.*—The proof is clear and convincing that no notice was given. Mrs. Marshall had a waiver note signed by W. A. Alston and John M. Alston. This note was paid and surrendered by the giving of the new note and mortgage, which extended the time of payment for nearly a year. This made her a *bona fide* purchaser for value, and she is entitled to protection against the latent equity of the complainants. The time of payment was extended from January 3, 1893, to March, 1894.—*Mobile L. I. Co. v. Randall,* 71 Ala. 220 ; *Spira v. Hornthall,* 77 Ala. 137.

COLEMAN, J.—Several questions have been argued by counsel in this case which we deem unnecessary to consider, in arriving at a proper conclusion. The bill avers that about eight hundred dollars of complainants' money, in the hands of their father and held by him in trust, was invested by him in a certain tract of land, the title to which was taken in his name. Subsequently he executed a mortgage on the land to the respondent, E. C. Marshall, to secure a loan of money. The bill avers, that before the execution of the mortgage, the respondent, E. C. Marshall, had notice of the equitable claim of complainants in and upon the land. For the purposes of the case, we concede that the money invested in the land belonged to complainants, and was held by their father as averred in the bill. The answer of the respondent admits that she holds the mortgage given to secure a loan of money. The answer denies specifically and positively all notice or knowledge of the equitable claim of complainants, or that she had any notice or knowledge that any part of their money had been invested in the purchase of the land, either at the time of the loan of the money or at the time of the execution of the mortgage. The issue made by the pleadings is thus narrowed down to notice to the mortgagee of the claim of the complainants. The burden of proving notice is upon complainants. On this question the complainants examine but one witness—their father. He swears positively that when he borrowed the money from Mrs. Marshall, he gave her notice of the interest of the minor children. He does not testify that he gave her notice, at the time of the execution of the mortgage, but "at the time he borrowed the money, which was about

a year before he made the mortgage." The evidence leaves no doubt on our minds, that in this the witness was mistaken. It seems fully established by disinterested witnesses, that the borrower did not see Mrs. Marshall at the time of the loan and that the loan was effected through Mr. Gary, an agent of Mrs. Marshall. This agent swears that he had no notice of the claim of complainants until after December 1st, 1893, nearly a year after the execution of the mortgage. Complainants have clearly failed to establish notice as averred in their bill.

It is contended in the brief of counsel for appellant, that the facts show that the loan was made at a usurious rate of interest, and for this reason the mortgagee cannot claim the protection of an innocent purchaser. There are decisions which support this proposition.—*Meyer Bros. v. Cook*, 85 Ala. 417, and authorities cited. We are not prepared to say that there is no evidence tending to show usury in the transaction, but this question has not been raised by the pleadings. There is not an intimation in the bill, that the consideration of the mortgage was tainted with usury. The respondent has had no opportunity to defend against this assault. It was complainants' privilege under section 3449 of the Code of 1886, at any time before final decree to amend their bill, "to meet any state of evidence which will authorize relief." They did not avail themselves of this privilege. The rule prevails in chancery that to authorize relief, there must be *allegata* as well as proof, and the two must correspond. We do not feel at liberty to discuss this phase of the question.

It is further contended, that the mortgage was executed to secure a pre-existing debt, and for this reason, the mortgagee cannot invoke the protection of an innocent purchaser.—*Wells v. Morrow*, 38 Ala. 125; *Alexander v. Caldwell*, 55 Ala. 517. It may be that the abstract sufficiently shows an averment to this effect, and the evidence satisfactorily shows that the mortgage was given to secure a debt contracted about a year previous to its execution. The evidence does not stop here. Whether we regard the old debt extinguished by the new debt and mortgage, or a mere renewal, this evidence very satisfactorily shows a release of security for the old debt, and extension of time for over a year and the taking of dif-

41

ferent security. It was competent to·show the consideration of the mortgage debt by parol evidence, and this evidence was not controverted. Complainant failed to establish this averment of the bill, or at least the evidence was fully met and overcome by evidence of a release of security and the extension of the debt.—*Mobile Life Ins. Co. v. Randall*, 71 Ala. 220; *Spira v. Hornthall*, 77 Ala. 137; *Whelan v. McCreary*, 64 Ala. 320.

There are no errors in the record available to appellant.

Affirmed.