NEWTON v. MANUFACTURERS' RY. CO.

(Circuit Court of Appeals, Sixth Circuit. May 6, 1902.)

No. 1,023.

**1. EMINENT DOMAIN—TITLE ACQUIRED BY CONDEMNATION PROCEEDINGS—LAWS OF OHIO.**

The appropriation of land by a city for park purposes through condemnation proceedings, as provided by Rev. St. Ohio § 2515-28, does not vest the city with the fee, but the estate taken is limited to an easement for the purposes intended, and on the abandonment of such easement the land reverts to the owner from whom it was acquired or his successor in title.[1]

**2. SAME—REVERSION—ABANDONMENT OF EASEMENT.**

The condemnation of right of way for a railroad over lands previously condemned by a city for park purposes does not effect an abandonment by the city of its easement so as to work a reversion of the land to the owner of the fee.

**3. SAME—RIGHT TO COMPENSATION—OWNER OF NAKED FEE.**

The owner of the fee to lands, an easement in which has been acquired by a city for park purposes through condemnation proceedings, on the condemnation by the city of right of way for a railroad across the lands may maintain an action against the railroad company to recover compensation for the additional burden imposed upon his land by the new easement, and such damage, if any, as may result from the new use.

---

[1] See Eminent Domain, vol. 18, Cent. Dig. §§ 836, 854.

In Error to the Circuit Court of the United States for the Western Division of the Northern District of Ohio.

Harvey Scribner and Wilber A. Owen, for plaintiff in error.

King & Tracy and Brown, Geddes & Bodman (Thomas H. Tracy and Clarence Brown, of counsel), for defendant in error.

Before LURTON, DAY and SEVERENS, Circuit Judges.

DAY, Circuit Judge. The circuit court sustained a demurrer to the petition of the plaintiff against the railway company, setting forth, in substance: That on the 16th of July, 1894, the plaintiff was the owner of certain lands in the city of Toledo, known as lots Nos. 1 to 9, inclusive, and Nos. 24 to 32, inclusive, in block 19. Plaintiff avers that while he was the owner of said lands, on the 11th of August, 1892, proceedings were instituted in the probate court of Lucas county, Ohio, by the city of Toledo for the purpose of condemning said property for park purposes, which proceedings were instituted under and by virtue of the authority of the laws of Ohio (Rev. St. § 2515–28); and afterward the said proceedings were removed to the circuit court of the United States for the Northern district of Ohio, Eastern division; and that on the 16th day of July, 1894, judgment was rendered in such proceedings by the circuit court conveying to the city of Toledo an easement for park purposes in said block 19, and assessing damages to the plaintiff by reason of such appropriation in the sum of $3,450. Afterward the city of Toledo used and enjoyed the said property as a public park, and on August 1, 1900, proceedings were instituted in the probate court of Lucas county, Ohio, seeking to condemn for railroad purposes a right of way over and across said block 19, and over and across blocks 18, 20, 21, 22, and 42, said land being a strip 25 feet wide through block 19, and 40 feet wide through blocks 18, 20, 21, 22, and 42. That on October 1, 1900, a resolution was adopted by the common council of the city of Toledo directing the city solicitor to have entered in the said action pending a verdict and judgment in favor of the city of Toledo in the sum of $5,000 and costs. Afterward the Manufacturers' Railway Company, under and by virtue of the authority of the said condemnation proceedings, took possession of the strip 25 feet wide through block 19, and proceeded to lay down its tracks, and ever since that time it has been running its trains daily across said strip. Plaintiff avers that, by the abandonment by the city of Toledo of said strip 25 feet wide in block 19, the easement granted to the said city therein for park purposes has ceased and terminated, and plaintiff is entitled to recover the value of the part of block 19 so appropriated, to wit, the sum of $5,000, for which a judgment is prayed against the said Manufacturers' Railway Company.

The appropriation in the original case in which the land was condemned for park purposes was under section 2515-28, which is as follows:

"Sec. 6. (Purchase of Lands; Appropriation of Land.) After such plan or system has been adopted as provided in the last section preceding, the board shall proceed by purchase, whenever the same can be done on terms satisfactory to the board, to acquire the title to the lands aforesaid, in the name of the city, and whenever the board can not obtain the title to such

lands by purchase as aforesaid, the said board shall report to the common council of said city, a description of the lands purchased by said board, if any, and also an accurate description of the land required or necessary to the plan or system aforesaid, which it has been unable to acquire, by purchase, and the said council may by resolution declare that it is the intent and purpose of the city to appropriate the said lands, for the purposes aforesaid, as provided in section 2235 of the Revised Statutes; whereupon it shall be the duty of the city solicitor to institute proceedings in the name of the city to acquire the said land, which proceedings shall be conducted and governed by and in accordance with the provisions of title 12, div. 7, chapter 3, of the Revised Statutes of the state of Ohio (90 L. L. 321; 83 V. 175)."

Section 2232, Rev. St., provides that municipalities may appropriate realty for public parks, limiting the right to appropriate to so much as is necessary for the purposes to which it is to be applied. Section 2244 provides that a corporation may be required to file a full and accurate description of the property to be taken, and the objects proposed, etc. Section 2245, after providing for the manner of procedure in the hearing of the case, provides:

"The inquiry and assessments shall, in other respects, be made by the jury, under such rules and regulations as shall be given by the court; and when a building or other structure is situated partly upon the land sought to be appropriated, and partly upon adjoining land, and such structures can not be divided upon the line between such two tracts of land without manifest injury, the jury in assessing the compensation to any owner of the lands, shall assess the value of the same exclusively of the structure, and make a separate assessment of the value of the structure."

The extent of the interest acquired by an appropriation for park purposes must be determined in this case by a construction of the statutes involved, in view of the decisions of the supreme court of Ohio upon similar statutes, and we find little aid in the numerous authorities cited from other jurisdictions. The question before us is one of statutory construction in Ohio, wherein the decisions of the highest court of that state are of controlling authority. As we understand them, where the statute does not undertake to authorize the appropriation of the fee the estate is limited to an easement for the purposes intended. In McCombs v. Stewart, 40 Ohio St. 647, the case involved title to lands in which the right was appropriated to overflow the same by means of a dam. In speaking of the extent of the estate acquired, the supreme court, speaking by Judge Dickman, said:

"But whether the property taken is paid for in money or in accruing benefits and advantages, it should clearly appear by the terms of the act that it was the legislative intent to take a fee before such an intent can be given to it. In the absence of express words, a fee will not be deemed to be taken where the purposes of the act will be satisfied, as in the case at bar, with the taking of an easement."

In Corbin v. Cowan, 12 Ohio St. 629, it was held that the appropriation of lands for the location and construction of a canal did not carry with it the fee of the lands, and that when the canal was abandoned the lands would revert. The statute construed in McComb v. Stewart provides that when a corporation was empowered to appropriate land it might enter upon and take possession of so much as was necessary for the purposes aforesaid. In Voight v. Railroad Co., 58 Ohio St. 123, 50 N. E. 442, the supreme court of Ohio held that an act which

authorized an appropriation of lands for canal purposes, and provided "a complete title to the premises to the extent and for the purposes set forth in and contemplated by this act shall thereby be vested and forever remain in said company and their successors forever," authorized the acquirement of an easement only. The syllabus of that case, which in Ohio receives the sanction of all the judges concurring as the law of the case, contains this statement:

"(5) Lands acquired for its use by a canal company, a private corporation, organized under an act of the general assembly, before the adoption of the present constitution, as the Lancaster Lateral Canal Company, 24 Ohio Laws, p. 71, authorizing it to acquire lands for its use by donation, grant, or appropriation, without expressing the interest or estate to be acquired thereby, revert to the owner from whom they were acquired, on the abandonment of the canal, or his successor in title; the general rule being that, where lands are acquired for public use, an easement only is taken therein, unless the taking of a greater estate, as a fee simple, is expressly authorized by law; and the rule is the same where it afterward disposes of its canal to the state, which, under the act of 1825, takes a fee simple in lands condemned by it to the uses of its canal system."

The case of Malone v. City of Toledo, 28 Ohio St. 643, was one in which the statute expressly authorized the appropriation of a fee, and is not, in our judgment, applicable here.

Applying the principles determined in the Ohio cases to the statute under consideration, we are of opinion that the estate acquired for park purposes by the city was an easement only. In section 2515-28 we find that on failure to obtain the desired lands by purchase the council may declare the intention of the city to appropriate the same "for the purposes aforesaid"; that is, for park purposes. It is argued that the acquisition of land for park purposes implies the necessity of acquiring the fee, as that is essential to the enjoyment of the lands for the intended use. This reasoning is equally applicable to lands appropriated for canal purposes, which must necessarily exclude the owner from any beneficial use of the lands taken, and would seem to require the ownership of the fee as much as an appropriation for park purposes; yet we have seen in the cases cited that the supreme court has held, in the absence of an express statute, that no more than an easement is acquired.

It is further argued that compensation for lands taken under the statute, requiring that the value of lands should be assessed, shows that the same has been paid for once, and therefore it would be unjust to require further payment for the lands which have been fully compensated for. As we understand the decisions of the supreme court of Ohio, above referred to, the estate taken does not so much depend upon the compensation given as upon the authority contained in the statute to acquire the lands. Nor do we feel at liberty to disregard the allegation of the petition that the land was appropriated and conveyed for park purposes only. In view of these allegations, admitted by the demurrer, we cannot assume that the statutory authority to acquire the easement for park purposes was so exercised as to result in the appropriation of the fee, if such title can be acquired without express statutory authority.

The theory of the plaintiff's petition is that, when the appropriation to the use of the railway company of the strip of land 25 feet wide was

made, the easement in the land for park purposes was abandoned, and
the land reverted to the original owner of the fee, who has the right
to recover the full value thereof. We cannot consent to this theory.
Abandonment is a question of intention. Townsend v. Railroad Co.,
42 C. C. A. 577, and note (101 Fed. 757); Railroad Co. v. Ruggles, 7
Ohio St. 1. In the leading case of Hatch v. Railroad Co., 18 Ohio St.
92, where lands were purchased by a railroad company from a canal
company, which had the easement in the lands, for railroad purposes,
the supreme court of Ohio held that such purchase, through the forms
of appropriation, was not an abandonment of the easement of the canal
company, such as would work a reversion to the original owner of
the lands in fee simple. Speaking of this question of abandonment,
Judge Brinkerhoff said:

> "And the intention to abandon may doubtless be inferred from circum-
> stances, where they are strong enough to warrant such inferences. But
> here there are no circumstances indicative of an intention to abandon the
> easement acquired by the original appropriation, either by the canal com-
> pany or by the state. The canal company, so far from abandoning it, has
> sold it, and put the price of it into her treasury, and the state has given
> no indication of her intention to abandon it. She has not proceeded by in-
> formation in the nature of quo warranto or otherwise to question the
> franchise of the railroad company to operate its road upon the land formerly
> used by the canal company, and her policy of permitting the railroad com-
> panies to condemn lands to their use remains patent on her statute books."

In that case, as well as in the case of Voight v. Railroad Co., supra,
the supreme court held that the change of the use of the appropriated
land from that of canal purposes to that of a railroad would not be
an abandonment of the easement, and would only entitle the owner to
compensation for the additional burden imposed upon his land, and
such damage, if any, as may result from the new use. Speaking upon
that subject, Judge Brinkerhoff, in the Hatch Case, says:

> "The easement in the plaintiff's land, appropriated by the canal company,
> was regarded, when taken, as a perpetual easement; it was so looked upon
> by both parties; courts and juries awarded compensation to the plaintiff
> on this basis; and he cannot now claim with any semblance of justice to
> be paid over again for the same thing. Whether there may or may not
> be a case of such an utter contrariety in the uses for which a first appro-
> priation was made and those to which the land is afterward sought to be
> devoted as necessarily to work an abandonment of the easement, and so a
> reversion to the owner in fee, we will not assume to say; but such, we
> think, is not this case."

Applying the doctrine here settled as to abandonment to the facts
of the present case, we find no intention on the part of the city to aban-
don the lands appropriated for park purposes, nor such utter destruc-
tion of the estate acquired as would warrant the conclusion of aban-
donment. The lands were appropriated by the railway company under
the authority of the state. Except the one strip referred to, no part
of the land originally appropriated was taken. Across this strip the
railway company acquired the right of way. This strip was taken,
except as to the amount of damages to be paid, by proceedings ad-
verse to the city of Toledo. The property originally appropriated
continued to be used for park purposes subject to the use of the strip
25 feet wide for railroad purposes. Certainly there is no intention

of abandonment on the part of the owner under these circumstances, nor do we find in the running of a railway on the narrow strip in the park such abandonment of the appropriation as would work a forfeiture of the estate. In Platt v. Pennsylvania Co., 43 Ohio St. 228, I N. E. 420, relied upon by plaintiff in error, the abandonment was clearly made out in the voluntary sale by one railroad company to another of a part of the right of way originally appropriated.

While we do not think the plaintiff can recover the value of the land as upon an abandonment, it follows, however, under the authority of Hatch v. Railroad Co. and Voight v. Railroad Co., supra, that he is entitled to compensation to the extent of the damages he has sustained by reason of the additional burden imposed upon his lands. As was said in Hatch v. Railroad Co., quoted with approval in Voight v. Railroad Co.:

"As the owner of land, subject to a perpetual easement, but appropriated and paid for only for the purposes of canal, he had rights which the railroad company cannot be permitted to ignore, and which, we think, he ought to have instituted proceedings regularly under the statute to condemn and pay for, before it ventured to divert the easement to uses so variant from those originally intended. But this not having been done, and the plaintiff having been restricted to his action for compensation, the rights of the parties are governed by the same principles which would have been applicable in such a proceeding."

It is true the petition seeks a recovery upon the ground of abandonment, but, under the Ohio practice, if the facts stated constitute a cause of action, the demurrer should have been overruled, notwithstanding the petition may contain allegations which would not entitle the plaintiff to a recovery upon another theory. In this case the petition states facts sufficient to entitle the plaintiff to recover for such injuries as he has sustained by reason of the additional burden imposed upon the fee by its appropriation to railroad uses.

The judgment will be reversed, and the cause remanded to the circuit court, with instructions to overrule the demurrer.