**WILLIAMS v. STATE.   (7 Div. 691.)**

(Supreme Court of Alabama.   March 24, 1927.)

1. **Intoxicating liquors** ☞250—**Denial of averments in bill that defendant was in possession of and operating truck for transporting liquors cast burden of proof on complainant.**

Answer, denying averments of bill to condemn truck that defendant was in possession of and operating it for transporting liquors in certain counties, cast on complainant burden of proving such averments.

2. **Equity** ☞327—**Allegations and proof must correspond to authorize equitable relief.**

To authorize relief in equity, allegations and proof must correspond, no matter how just the demand established by proof.

3. **Intoxicating liquors** ☞250—**Where bill averred possession and operation of truck by defendant for transporting liquors, but proof showed possession by his son, without proof of agency, complainant was not entitled to condemnation.**

Where bill to condemn truck averred that defendant was in possession of and operating it for transporting liquors, but proof conclusively showed that it was in possession of defendant's son, and there was no proof that latter was acting as defendant's agent, complainant was not entitled to relief; question whether defendant was guilty of aiding and assisting his son in unlawful enterprise not being presented by pleadings.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill in equity by the State of Alabama against Avery Williams to condemn an automobile, alleged to have been used in the illegal transportation of prohibited liquors. From a decree for complainant, defendant appeals. Reversed and remanded.

Chas. J. Scott, of Ft. Payne, for appellant.

The allegations of the complaint are not sustained by the evidence, and the decree should be reversed. Eckl v. State, 205 Ala. 466, 88 So. 567; State v. Jebeles, 206 Ala. 161, 89 So. 547; Puckett v. State, 204 Ala. 238, 85 So. 452; In re Gattina, 203 Ala. 517, 84 So. 760; Briscoe v. State, 204 Ala. 231, 85 So. 475; State v. Hughes, 203 Ala. 90, 82 So. 104; Maples v. State, 203 Ala. 153, 82 So. 183.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BROWN, J. [1] The bill seeks to condemn a Ford truck as contraband property used by the defendant for the unlawful purpose of transporting prohibited liquors, and avers that "the defendant, Avery Williams, was in possession of and operating" the truck, using the same for transporting liquors in De Kalb county. These averments are denied by the answer and this denial casts upon the complainant the burden of proving them.

[2] It is a familiar principle supported by uniform authority that to authorize relief in equity the allegations and proof must correspond, and no matter how just the demand established by the complainant's proof, if it does not harmonize with the allegations of the bill, the complainant is not entitled to relief. Alston et al. v. Marshall et al., 112 Ala. 638, 20 So. 850; 3 Mayf. Dig. 352, § 3344. This is not a mere technicality, but is fundamental, and essential to the due and orderly administration of justice in preventing surprise and depriving parties of their rights without due process of law.

[3] The proof offered conclusively shows that the defendant, Williams, was not in possession of, or using, the car on the occasion in question, but that it was in possession of Mabron Williams, a son of the defendant, and there is no proof that Mabron Williams was acting as the agent of the defendant in its use.

The question whether or not the defendant was guilty of "aiding and assisting" Mabron Williams in his unlawful enterprise, within the meaning of the statute, is not an issue presented by the pleadings in this case. In re Gattina, 203 Ala. 517, 84 So. 760.

Under the issues as formed by the pleadings and the proof offered, the complainant was not entitled to relief, and the decree of the circuit court is reversed.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes