26 So.2d 253

### WALKER COUNTY v. WHITE et al.

6 Div. 389.

Supreme Court of Alabama.

April 4, 1946.

Rehearing Denied June 13, 1946.

V. H. Carmichael and Arthur Fite, both of Jasper, for appellant.

54

Wm. N. McQueen, Atty. Gen., and Randolph G. Lurie, Asst. Atty. Gen., for appellees.

STAKELY, Justice.

This suit was instituted in equity by the attorney general in the name of the State of Alabama for the use and benefit of Walker County. The suit seeks recovery of alleged illegal expenditures, aggregating $1378.48, of public funds of Walker County, made by J. R. White, the duly elected Chairman of the Board of Revenue of Walker County. J. R. White and the surety on his official bond were made respondents in the cause.

Walker County filed a petition in the cause asking for permission to intervene in the cause on the basis of its "interest in the matter in litigation." The State of Alabama demurred to the petition. The court sustained the demurrer and dismissed the petition for intervention. This appeal is from that decree.

One ground of demurrer takes the position that Walker County is already a party to the suit. It is true that Walker County will alone enjoy the benefits of any recovery that may be made. The State v. Board of School Comm'rs of Mobile County, 183 Ala. 554, 63 So. 76; Section 127, Title 7, Code of 1940. But regardless of the enjoyment of the benefits of recovery, if any, and the requirements of Section 126, Title 7, Code of 1940, that actions on bonds, etc., for the payment of money must be prosecuted in the name of the party really interested, it must be kept in mind that the suit here is in equity. In equity, generally speaking, it is contemplated that the holders of both legal and equitable interests are necessary parties.— Huddleston v. Fuller, 229 Ala. 74, 155 So. 556; Moore et al. v. Pope, 97 Ala. 462, 11 So. 840. So the mere fact that the suit is brought by the state for the benefit of Walker County, will not preclude Walker County in its own right from also being made a party.

However, according to the bill, it was filed in accordance with the provisions of Section 73, Title 7, Code of 1940, and Section 169, Title 55, Code of 1940. This latter section has been amended. Acts 1943, p. 484. Section 73, Title 7, Code of 1940, authorizes the governor to cause suit to be instituted for recovery of county funds wrongfully disbursed. Under the amended act, referred to, the attorney general is vested with somewhat similar authority. However, there is no conflict in these statutes. See Montgomery, Supt. of Banks, v. Sparks, 225 Ala. 343, 142 So. 769.

Formerly the state could not sue to recover funds of the county illegally disbursed, because there was no statute corresponding with Section 73, Title 7, Code of 1940. Bradford v. State, 201 Ala. 170, 77 So. 696. Before Section 169, Title 55, Code of 1940, was amended, as referred to above, the solicitor was authorized to institute the suit and not the attorney general.

We think it reasonable to assume that the Legislature intended to confer authority on the governor and on the attorney general to cause actions to be instituted in the name of the state or county as the case might be, to recover funds illegally withdrawn, so that such suits might not be prevented or handicapped by local influence or embarrassment. In other words, the foregoing statutes provide a plan for central law enforcement, removed as much as possible from local feeling and interference.

Now we do not think that the present statutory system, which seeks to get away from local influence or interference, should be jeopardized by allowing

the county to intervene under Section 247, Title 7, Code of 1940. Statutes must be resolved in favor of each other when possible, so as to form one harmonious plan. Patterson v. Jefferson County, 238 Ala. 442, 191 So. 681. It is no answer to say that in a particular case the presence of the county as a party litigant will not handicap or jeopardize the efforts of the state to prosecute the action properly, because that would be contrary to the intention of the Legislature, which is to place suits of this character solely in the hands of the central authorities.

It results that the action of the court was without error and the decree of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.