71 So.2d 76

**BOYD v. BOYD.**

8 Div. 614.

Supreme Court of Alabama.

March 11, 1954.

Orlan B. Hill, Florence, for appellant.

W. A. Barnett, Florence, for appellee.

GOODWYN, Justice.

The appellee, Drucilla Boyd, on September 1, 1950, filed her original bill of complaint against appellant, Raymond Benjamin Boyd, and First Federal Savings and Loan Association of Florence, in the law and equity court, in equity, of Lauderdale county, seeking a sale of land for division. The bill, sworn to by her, alleged that she was a resident citizen of Cincinnati, Ohio. The date of service of the bill is not shown. On October 6, 1950, Raymond Benjamin Boyd filed a motion that he "be not required to plead, answer or demur further in this cause until the complainant, Drucilla Boyd, shall first give security for the costs of said cause in the manner required by law." The ground assigned in support of the motion was that the verified bill of complaint showed on its face that the complainant was a non-resident of the State of Alabama. The motion was overruled on October 9, 1950. On October 31, 1950, Raymond Benjamin Boyd demurred to the bill. On January 9, 1951, a decree was rendered sustaining the demurrer. Complainant then, on January 25, 1951, filed an amended bill. It was alleged in both the original and the amended bill that the First Federal was the

462

holder of a mortgage on the property. Raymond Benjamin Boyd, re-filed to the bill of complaint as amended, his demurrer filed to the original bill. This demurrer was overruled on April 3, 1951. Then, on May 3, 1951, he filed his answer and cross-bill. The prayer of his cross-bill is that he be paid out of the proceeds of the sale of said property money expended by him "in and about the building of a dwelling house on said lands, and in and about paying and discharging fire insurance premiums on the buildings located on said lands and in and about the payment of state, county and municipal ad valorem taxes against said lands, and in and about the payment of the mortgage indebtedness aforementioned against said lands, and in and about other improvements to said lands". Said cross-bill alleges the following:

"This respondent avers that at the time the lands herein were purchased they were unimproved and vacant, and that the purchase price of said vacant lot of land was $300.00. That subsequent to the purchase of said lands this respondent expended of his own funds more than $3,000.00 in and about the building of a dwelling house thereon and in and about the construction of other improvements on said lands. That complainant paid no part of the cost or expense involved in the building of said dwelling house and improvements. That in addition to the monies expended by this respondent in and about the aforesaid building and improvements, this respondent has paid all fire insurance premiums on said property from the time of its construction with his own personal money, and that no part of such fire insurance premiums have been paid by the complainant. That this respondent has with his own personal money paid all State, County and municipal taxes upon said property for each of the years since the same was purchased, and that complainant has paid no part of such taxes. That this respondent, in and about the discharge of the aforesaid mortgage indebtedness to the First Federal Savings & Loan Association of Florence, Alabama, has paid with his own personal money each of the monthly installments with interest due on said mortgage, such payments amounting in the aggregate to $823.49 to the time of the filing of this answer and cross-bill, and that complainant has paid none of such monthly installments nor any part of said mortgage indebtedness. That respondent further avers that he has expended other sums of money in and about the improvement of the aforesaid premises, such expenditures being from his own personal money."

On June 27, 1951, the complainant, Drucilla Boyd, demurred to said cross-bill, taking the following points:

"There is nothing stated in the cross bill which rebuts a presumption of a gift from Raymond Benjamin Boyd to Drucilla Boyd.

"From aught that appears the purchase of the property described in the original complaint and referred to in the cross-bill is presumed to be a gift and that said cross bill does not allege sufficient facts to overcome said presumption.

"That from aught that appears there is not sufficient facts alleged to establish a resulting trust.

"That from aught that appears from the allegations of the cross bill Raymond Benjamin Boyd made a gift of one-half interest in the property to his wife which he later improved and took title with the wife as joint owner."

On July 5, 1951, a decree was rendered sustaining said demurrer. This appeal is from that decree.

Appellant assigns three errors, as follows: That the court erred (1) in overruling his motion to require complainant to give security for costs, (2) in overruling his demurrer to the amended bill of complaint, and (3) in sustaining complainant's demurrer to his cross-bill.

On this appeal we can review only the third assignment, which relates to the decree of July 5, 1951, sustaining appellee's demurrer to appellant's cross-bill. This appeal from that decree was taken within

the thirty days allowed by Code 1940, Tit. 7, § 755.

 With respect to the first assignment, we have held that a decree on a motion to require a non-resident to give security for costs will not support an appeal; that, on an appeal from an interlocutory decree, a decree cannot be assigned for error when it is not itself subject to appeal; and that, until final decree, mandamus is the only remedy. Taylor v. Morton, 227 Ala. 690, 691, 151 So. 853.

 No appeal was taken from the decree of April 3, 1951, overruling appellant's demurrer to the amended bill, which is embraced in the second assignment. But even if an appeal from that decree had been attempted when the present appeal from the July 5th decree was taken, it would have been too late; for the April 3rd decree was rendered more than thirty days prior to the taking of this appeal. Pepper v. Horn, 197 Ala. 395, 398, 73 So. 46. In Gibson v. Edwards, 245 Ala. 334, 16 So.2d 865, the situation was analogous to that which is present here. It was there held that error based on an interlocutory decree overruling a demurrer to a bill of complaint, appeal from which was not taken within thirty days, could not be assigned on appeal from an interlocutory decree subsequently rendered sustaining a demurrer to respondent's cross-bill. See, also, Montgomery v. Drinkard Auto & Truck Co., 257 Ala. 685, 686, 60 So.2d 823; Nearhos v. City of Mobile, 257 Ala. 161, 164, 57 So.2d 819; Eatman v. Nuckols, 251 Ala. 544, 546, 38 So.2d 494; Lampkin v. Strawbridge, 243 Ala. 558, 559, 11 So.2d 130. These cases approve the following general principle:

"On an appeal from an interlocutory decree, appellant cannot assign for error interlocutory decrees rendered more than thirty days before the appeal was taken, but may do so from final decree."

 In view of the present state of the pleadings, we are constrained to hold that the demurrer to the cross-bill of respondent Raymond Benjamin Boyd, to which the third assignment of error relates, was not well taken and should have been overruled. The demurrer appears to be based on the failure of the cross-bill to allege facts sufficient to rebut the presumption of a gift from husband to wife. It presupposes the existence of the Boyds' marital relationship, for nowhere else in the pleadings is there any allegation that they are or have ever been married. If being, or having been, husband and wife constitutes a defense to the cross-bill, such defense must be interposed by plea and not by demurrer.

The decree appealed from is reversed and one will be rendered here overruling appellee's demurrer to appellant's cross-bill and allowing appellee twenty days to answer said cross-bill. The cause is remanded.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.