TAYLOR, Judge.
The appellant, I.L.M., a juvenile, was adjudicated delinquent for carrying a concealed weapon, a violation of § 13A-11-50, Code of Alabama 1975.
At trial, the appellant stipulated that he had in his possession a Rohn R62 tear gas gun, which is similar in shape and size to a .25 caliber automatic pistol. The gun is capable of discharging a projectile of tear gas by means of a spring mechanism. Upon contact with the target, the projectile breaks open. The sole issue before this court is.whether a tear gas gun like the one involved is a concealed weapon for purposes of Alabama’s concealed weapons statute, found at § 13A-11-50, Code of Alabama 1975.
Section 13A-11-50, in pertinent part, states:
“Except as otherwise provided in this Code, a person who carries concealed about his person a bowie knife or knife or instrument of like kind or description or a pistol or firearm of any other kind or an air gun shall, on conviction, or fined not less than $50.00 nor more than $500.00, and may also be imprisoned in the county jail or sentenced to hard labor for the county for not more than six months.”
(Emphasis added.) The construction of statutes that deal with concealed weapons is discussed in Corpus Juris Secundum:
“The carrying or possession of a particular weapon is unlawful when, and only when, such weapon is of the kind prohibited by the statute, that is, the weapon must come within the meaning of the terms employed in the statutes to designate forbidden weapons. In this connection, the courts have construed the meaning of such general designations as ‘arms,’ ‘firearms,’ ‘instruments,’ ‘contraband,’ or ‘weapons’ generally.”
94 C.J.S. Weapons § 6(a) (1956) (Footnotes omitted) (emphasis added). Obviously, we must construe the terms “pistol” and “firearm” as those terms are used in the Alabama concealed weapons statute and determine whether a tear gas gun is “a pistol or firearm of any other kind.” [1]
It is well settled that criminal statutes are to be strictly construed in favor of those sought to be subjected to their operation. State v. Spurlock, 393 So.2d 1052 (Ala.Cr.App.1981); State ex rel. Graddick v. Jebsen S. (U.K.) Ltd., 377 So.2d 940 (Ala.1979); Robinson v. State, 361 So.2d 1113 (Ala.1978); Schenher v. State, 38 Ala.App. 573, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956). Further, the legislature’s intent in enacting a statute must be “ascertained and given effect,” and a statute must “not be extended by construction.” Spurlock, 393 So.2d at 1058-59.
*631 It is clear from the wording of the statute that a pistol is a type of firearm (hence, the language, “a pistol or firearm of any other kind”). Section 13A-11-50 (emphasis added). However, it remains uncertain whether the drafters intended that k tear gas gun be included within the categories of “pistol” or “firearm of any other kind,” because no definitions for those terms are provided in the statute. Thus, a further way of clarifying legislative intent is “to examine the prior law, and related statutes, on the subject embraced in the statute being construed.” State v. AAA Motor Lines, 275 Ala. 405, 408, 155 So.2d 509, 511 (Ala.1963).
Section 13A-11-50 appears in Chapter 11 of the Code of Alabama 1975, which is entitled “Offenses Against Public Order and Safety.” Within that chapter, the statute is categorized under Division 1 (“General Provisions”), which is located in Article 3, “Offenses Relating to Firearms and Weapons.” None of the statutes under Article 3, Division 1, define “pistol,” or “firearm” in a manner that aids us in determining whether a tear gas gun is included in the concealed weapons statute.[2] However, § 13A-11-70 (“Definitions”), included in Division 2 (“Pistols”) of Article 3, defines “pistol” as “[a]ny firearm, with a barrel less than 12 inches in length.” Section 13A-11-70(1), Code of Alabama 1975 (emphasis added). Additionally, in Division 1A (“Rifles and Shotguns”) of the same Article, § 13A-11-62 (“Definitions”) defines “firearm” as it is defined in § 13A-8-1(4). Section 13A-11-62(1) Code of Alabama 1975. Under that section, a “firearm” is defined as “[a] weapon from which a shot is discharged by gunpowder.” Section 13A-8-l(4), Code of Alabama 1975.
It would seem that the outstanding characteristic of a “pistol” or any other type of “firearm” is that the device discharges dangerous projectiles through the use of gunpowder. A reading of several outside authorities would suggest the same interpretation. See, e.g., Fla.Stat.Ann. § 790.001(6) (“ ‘[fjirearm’ means any weapon ... which will ... expel a projectile by the action of an explosive.”); Ga.Code Ann., § 16 — 11— 131(a)(2) (1988) (“ ‘[fjirearm’ includes any handgun, rifle, shotgun, or other weapon which will or can be converted to expel a projectile by the action of an explosive or electrical charge”); Black’s Law Dictionary 570 (5th ed. 1979) (firearm defined as “[ajn instrument used in the propulsion of shot, shell, or bullets by the action of gunpowder exploded within it. A weapon which acts by force of gunpowder”); Random House Dictionary of the English Language (2d ed. 1987) (firearm defined as “a small arms weapon, as a rifle or pistol, from which a projectile is fired by gunpowder”).
The rules of construction require us to avoid interpreting a statute in such a way that conflicts with other statutes; rather, we are obligated to construe statutes “in favor of each other when possible so as to form one harmonious plan.” Mayberry v. State, 419 So.2d 262, 265 (Ala.Cr.App.1982). See also Bell v. Mar-Mil Steel & Supply Co., 54 Ala.App. 432, 309 So.2d 471 (1975); Walker County v. White, 248 Ala. 53, 26 So.2d 253 (1946). To say that a spring loaded tear gas gun is included within the scope of § 13A-11-50 would be contrary to the definitions provided in related statutes. The appellant could not be convicted of carrying a concealed weapon because a tear gas gun is not a “pistol” or “firearm” within the meaning of § 13A-11-50, Code of Alabama 1975.
Therefore, the appellant’s adjudication as a delinquent for carrying a concealed weapon is reversed and the case remanded to the Juvenile Court for Calhoun County for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.

. The tear gas gun at issue in the present case cannot be categorized as an air gun because it is spring-loaded.

. Section 13A-ll-59(a)(2), defines firearm as "[a]ny pistol, rifle, shotgun or firearm of any kind, whether loaded or not”; however, the introductory language to that provision specifically state that "firearm” and the other words and phrases defined thereunder have respective meanings provided therein "for the purposes of” § 13A-11-59 only.