276 So.2d 602

**BRYCE HOSPITAL CREDIT UNION, INC.,
a corporation**

v.

**WARRIOR DODGE, INC., a corporation.**

**Civ. 69.**

Court of Civil Appeals of Alabama.

Feb. 7, 1973.

Rehearing Denied Feb. 28, 1973.

Turner & Turner, Tuscaloosa, for appellant.

Rushton, Stakely, Johnston & Garrett and Robert A. Huffaker, Montgomery, for appellee.

C. Stephen Trimmier and Rives, Peterson, Pettus, Conway & Burge, Birmingham, for Ala. Credit Union League, amicus curiae.

HOLMES, Judge.

Appellant, plaintiff below, filed a one-count complaint in detinue against the appellee.

The matter was tried without a jury in the Circuit Court of Tuscaloosa County and after testimony was taken *ore tenus*

and by stipulation the trial court entered a judgment for the defendant. This appeal is taken from that judgment.

The tendencies of the evidence reveal the following: One Samuel Lee Wells, on February 27, 1971, purchased a vehicle from appellee. Wells, on March 2, 1971, obtained financing for the purchase of the vehicle from appellant, and on March 5, 1971, the appellant perfected its security interest in the vehicle by appropriate filings in the Probate Office of Tuscaloosa County, Alabama.

On May 17, 1971, the automobile was involved in an accident and was extensively damaged.

Wells, after receiving an estimate of the cost for repairs, authorized appellee to perform the repairs. These repairs were completed on August 31, 1971, and Wells was notified by appellee on September 1, 1971, of the completion of said repairs. Due to circumstances, Wells was unable or unwilling to pay the cost of the repairs and, therefore, the vehicle remained at appellee's business establishment.

Up to this time and until October 1971, Wells was not delinquent in his payments to appellant, but on October 26, 1971, he became delinquent and in default.

There is evidence that on December 7, 1971, appellee, pursuant to Tit. 36, § 159 et seq., Code of Alabama, as amended, (commonly referred to as the Abandoned Motor Vehicle Act), notified appellant and Wells of his intention to sell the vehicle.

On December 10, 1971, appellant filed the suit which is the basis of this appeal. Appropriate bonds were filed and appellee retained possession of the vehicle.

On December 31, 1971, appellee, pursuant to the Abandoned Motor Vehicle Act, sold the automobile for the amount of the repairs, plus other expenses. The purchaser was the president of appellee corporation. It is not clear from the record whether the president acted in a representative capacity for the corporation or individually. It would appear that he was acting for the appellee corporation.

On June 30, 1972, the trial court rendered a judgment in favor of the defendant-appellee.

The appellant presents to this court for review only one assignment of error, to wit, the trial court erred in rendering a judgment in favor of the defendant and against the plaintiff.

At the outset, this court must decide whether or not the merits of this appeal can be considered.

The appellee contends that an assignment of error, as in this instance, is one that challenges the sufficiency of the evidence and quotes to us appropriate authority.

Appellee then argues that since the assignment of error is one testing the sufficiency of the evidence, the case should be affirmed for failure of the appellant to set forth a condensed recital of the evidence given by each witness in conformity with Supreme Court Rule 9.

■ We are of the opinion that the assignment of error is an assignment to the effect that the evidence is insufficient to sustain the verdict in fact or law. See Case v. Ward, 276 Ala. 242, 160 So.2d 859.

■ As is true with our supreme court, it is not the policy of this court to refuse consideration of appeal on the merits where appellant has substantially complied with the rule and appellant's brief, even though not in compliance with the rule, fairly and helpfully makes the points upon which appellant relies. See Bolton v. Barnett Lumber & Supply Co., 267 Ala. 74, 100 So.2d 9; Case v. Ward, *supra.*

■ Here, many of the salient facts were presented by stipulation in the trial court; the record is only approximately seventy pages in length; only four witnesses testified; the record is easily understood; and appellant has, under his Statement of the Facts, given to the court in narrative form the essential testimony of

the witnesses. We, therefore, exercise our discretion and do give consideration to appellant's brief. See Quinn v. Hannon, 262 Ala. 630, 80 So.2d 239.

In the above holding, we are mindful of Metzger Brothers, Inc. v. Friedman, 288 Ala. 386, 261 So.2d 398; however, the matter before us is clearly distinguishable from that case, particularly as to the number of witnesses and the length of the transcript.

■ As seen from the above, this is an action in detinue. The law in Alabama is established that legal title and right to immediate possession are sufficient to support an action in detinue. See Richardson v. First National Bank of Columbus, Ga., 46 Ala.App. 366, 242 So.2d 676; Cornelius v. Copeland, 274 Ala. 337, 148 So.2d 620.

Appellant claims its right to possession and legal title from a security interest perfected pursuant to Tit. 7A, § 9–101 et seq., Code of Alabama 1940, as amended.

The appellee claims its right to possession and legal title by a bill of sale issued pursuant to Tit. 36, § 159 et seq., Code of Alabama 1940, as amended, the Abandoned Motor Vehicle Act.

Pertinent provisions of Tit. 36, § 161, Code of Alabama 1940, as amended, reveal the following:

"Any automobile dealer, wrecker service or repair service owner, or any person or firm on whose property a motor vehicle is lawfully towed at the written request of a law-enforcement officer, who shall have an abandoned motor vehicle on his property, may sell the same at public auction. Upon payment of the sales price, the purchaser shall be entitled to and the person making such sale shall issue to him a bill of sale to such abandoned motor vehicle, free and clear of all liens and encumbrances."

Appellant initially contends that Tit. 36, § 159 et seq., Code of Alabama 1940, as amended, (Abandoned Motor Vehicle Act),

the provision of the law under which appellee sold the vehicle in question and under which he obtained possession and ownership, has no application under the facts of this case.

Appellant bottoms this argument on the fact that the act should not be retroactive in its operation, and since the car was purchased in March 1971, the security interest was obtained in March 1971; the car was wrecked in May 1971; and last, but certainly not least, the repairs were completed by appellee in August 1971; the provisions of the act cannot apply in this situation since the act did not become law until September 7, 1971.

■ As appellee points out in brief, statutes generally operate prospectively unless the legislature clearly intends to give them retrospective effect. See Ala.Dig., Statutes, ☞263; Merriwether v. State, 252 Ala. 590, 42 So.2d 465.

There is no legislative intent evidencing a desire that the act in question should be given retrospective effect, and such effect is not to be given to it.

■ However, the above does not dispose of this question as we must now determine when did the statute become operative in this instance. Put another way, what is the gravamen of the statute, thereby bringing the statute into operation.

We are clear to the conclusion that in this instance, as appellee argues, the statute became applicable upon the *abandonment* of the vehicle.

Tit. 36, § 159, Code of Alabama 1940, as amended, reads in pertinent part as follows:

"For the purposes of this chapter, an 'abandoned motor vehicle' shall mean a motor vehicle as defined in Title 36, section 1, Code of Alabama of 1940, as amended:

"(a) Which has been left by the owner, or some person acting for the owner, with an automobile dealer, repairman or

wrecker service for repair or for some other reason and has not been called for by such owner or other person within a period of sixty (60) days after the time agreed upon and within sixty (60) days after such vehicle is turned over to such dealer, repairman or wrecker service when no time is agreed upon, or within sixty (60) days after the completion of necessary repairs."

In this instance, the abandonment occurred sixty days after the completion of the necessary repairs, on, to wit, October 31, 1971.

We therefore hold that under the facts in this case the provisions of Tit. 36, § 159 et seq., Code of Alabama 1940, as amended, (Abandoned Motor Vehicle Act), were available to appellee.

Appellant next argues to this court that that provision of Tit. 36, § 161, Code of Alabama 1940, as amended, which provides:

"Upon payment of the sales price, the purchaser shall be entitled to and the person making such sale shall issue to him a bill of sale to such abandoned motor vehicle, free and clear of all liens and encumbrances.",

only applies where there is not a valid prior security interest. Or, as appellant states the proposition:

"A mechanic's lien shall be subordinate to any security interest under the Uniform Commercial Code in a motor vehicle where the security interest was perfected prior to the time said labor or material was contributed unless the secured party holding said security interest authorized the contribution of said labor or material."

It is necessary to this opinion that the applicable statutes be set out. Tit. 7A, § 9–310, Code of Alabama 1940, as amended, provides:

"Priority of certain liens arising by operation of law.—When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise."

Tit. 33, § 25, Code of Alabama 1940, as amended, provides:

"Any blacksmith, woodworkman, or other mechanic, who contributes his labor and material, or either, to the production, manufacture, or repair of any vehicle, implement, machine, or article of any kind, shall have a lien thereon in the hands of any person for whom such vehicle, implement, machine, or article was made or repaired, or to whom sold, and in the hands of any purchaser with notice of such lien, for the agreed price, or the value if no price was agreed upon, of the labor and material, or either, contributed to the production, manufacture, or repair of the same. Said lien shall be subordinate to any security interest under the Uniform Commercial Code in such vehicle, implement, machine, or article, which security interest was perfected prior to the time said labor or material was contributed, unless the secured party holding said security interest authorized the contribution of said labor or material."

The pertinent parts of Tit. 36, §§ 159(a) and 161, Code of Alabama 1940, as amended, have been set out above.

■ From a reading of Tit. 7A, § 9–310, and Tit. 33, § 25, Code of Alabama 1940, as amended, it is clear to this court that the legislature intended that a mechanic's or materialman's lien is subordinate to any perfected security interest under the Uniform Commercial Code. Statutory construction requires that legislative acts be given their plain meaning. See Henderson v. Troy Bank & Trust Co., 250 Ala. 456, 34 So.2d 835.

Here, Tit. 33, § 25, Code of Alabama, as amended, specifically states:

"Said lien shall be subordinate to any security interest under the Uniform Commercial Code in such vehicle, implement, machine, or article, which security interest was perfected prior to the time said labor or material was contributed, unless the secured party holding said security interest authorized the contribution of said labor or material."

We note that both Tit. 7A, § 9–310, and Tit. 33, § 25, Code of Alabama 1940, as amended, were enacted on December 31, 1966.

Hypothetically, if the above statutes were the only legislative pronouncements pertinent, then it would appear that since appellant had a perfected security interest under our Uniform Commercial Code the appellee's materialman's lien would be subordinate to appellant's claim; i. e., appellee could not retain possession of the vehicle in question over the claim of appellant.

However, as seen from above, Tit. 36, § 161, Code of Alabama 1940, as amended, equally as clear, provides in part:

"Upon payment of the sales price, the purchaser shall be entitled to and the person making such sale shall issue to him a bill of sale to such abandoned motor vehicle, free and clear of all liens and encumbrances."

Appellant, as appellee points out, would have this court add to the aforementioned section, ". . . except prior perfected security interests."

■ Statutory construction dictates that in construing a statute, a court must, if possible, avoid a construction that would place statutes in conflict with other statutes, and statutes should be resolved in favor of each other, when possible, so as to form one harmonious plan. See State ex rel. Ward v. Martin, 160 Ala. 190, 48 So. 847; Walker County v. White, 248 Ala. 53, 26 So.2d 253; State of Alabama v. Community Blood & Plasma Service, Inc., 48 Ala.App. 658, 267 So.2d 176. The statutes in question can be so construed.

The Abandoned Motor Vehicle Act only applies to what the legislature defines as abandoned vehicles; Tit. 33, § 25, Code of Alabama 1940, as amended, applies to other matters. The legislature, exercising its prerogative, has decided that abandoned vehicles, under the act and after the provisions of the act have been complied with, may be sold to pay for the cost of repairs, and a bill of sale may be given free and clear of all liens and encumbrances.

■ We therefore find Tit. 36, §§ 159–165, Code of Alabama 1940, as amended, not to be in conflict with Tit. 33, § 25, or Tit. 7A, § 9–310, of the Code, and each may be given its proper legislative intent and appellee, in this instance, would prevail in a detinue suit as the trial court so ruled.

The thrust of appellant's argument as to the priority of liens is that the legislature could not give priority to an artisan's lien over a prior perfected security instrument. Our research reveals that there are a number of states which have enacted statutes giving artisans performing work on personal property a lien priority over a prior perfected security interest, be it chattel mortgage or otherwise. See 36 A.L.R.2d 229.

The remaining arguments presented in briefs of appellant and *amicus curiae* question on various grounds the constitutionality of Tit. 36, § 159, of the Code. While both of these excellent briefs present interesting issues, our search of the record reveals that the question of the constitutionality of the act was not raised in the lower court.

■ The established rule of law in this state is that the constitutionality of a statute will not be decided in an appellate court when the question was not presented in the lower court, but was raised for the first time in a brief in this court. See State v. Wallis, 48 Ala.App. 652, 267 So.2d 172; Gardner v. Stevens, 269 Ala. 213, 111 So.2d 904; Ala.Dig., Appeal and Error, ☞170(2).

Having held that the appellee, in this instance, pursuant to Tit. 36, § 159 et seq.,

Code of Alabama 1940, as amended, could have obtained legal title and the right to possession of the vehicle in question, it follows that the circuit court did not err and his verdict should not be disturbed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.