James A. Barnhart appeals from the circuit court's denial of his petition for writ of certiorari. In that petition, Barnhart contested the action of the Alabama Board of Pardons and Paroles in rescinding the parole it granted to Barnhart. The petition alleged that in an open meeting on May 8, 1995, the Board granted parole to Barnhart, but that later that same day, the Board notified Barnhart's attorney that because of "late protestors" the Board had rescinded its order. The record further shows that Barnhart is serving a 25-year sentence for murder.
In denying Barnhart's petition for writ of certiorari, the circuit court stated:
 "Petitioner's claim that his parole was revoked without due process is without merit. The mere expectation of parole does not evoke a protected liberty interest and the Parole Board may rescind any decision concerning parole prior to acceptance by the inmate and his release from custody, without procedural due process. See Jago v. Van Curen, 45[4] U.S. 14, 70 L.Ed.[2d 13], 102 S.Ct. 31
(1981)."
In Jago v. Van Curen, 454 U.S. 14, 102 S.Ct. 31,70 L.Ed.2d 13 (1981), after the petitioner had been notified that he had been granted parole and after he had completed prison prerelease classes and had been measured for civilian clothes, the parole board learned that he had not been truthful in the interview and withdrew its earlier decision and denied parole. The petitioner was not given a hearing at which he would have an opportunity to explain his false statements. He thereafter claimed that the rescission without a hearing violated his right to due process. However, the Supreme Court held that no liberty interest was implicated by the board's withdrawal and the petitioner therefore was not entitled to due process. In so holding, it noted that the Ohio statutes that provide for parole do not create a protected liberty interest.
Barnhart relies in part on Ellard v. Alabama Board of Pardonsand Paroles, 824 F.2d 937 (11th Cir. 1987), cert. denied,485 U.S. 981, 108 S.Ct. 1280, 99 L.Ed.2d 491 (1988). In Ellard, the court held that the Board's grant of parole to Ellard created a constitutionally protected liberty interest where, although Ellard had not been released into society, he had been released directly into the custody of another state to serve a pending sentence. The Ellard court distinguished Jago, noting that Ellard had been released from Alabama's custody before the Board rescinded its order granting Ellard parole. 824 F.2d at 943 n. 5. The court noted that "Ellard's release into the custody of another state does not minimize the fact that, under Alabama law, this event placed substantive limits on the state's authority to return him to an Alabama prison." Id. at 943. Unlike Ellard, Barnhart was not released before the Board rescinded its order granting Barnhart parole. As Judge Taylor noted in Sloan v. Alabama Board of Pardons and Paroles,647 So.2d 85, 86 (Ala.Cr.App. 1994), an inmate has no liberty interest in parole and thus due process rights do not attach to the denial of parole, but only to the revocation of parole. He concludes, "[T]here is no due process protection in the granting or denying of parole."
Barnhart further asserts that the Board's order granting him parole created a liberty interest because, he argues, he had accepted parole and signed a parole certificate before the Board's action and thus he had a liberty interest in being released on parole. The court in Fuller v. State, 122 Ala. 32,38, *Page 554 26 So. 146 (1899), did state: "A parole . . . is subject to rejection or acceptance by the convict. He has an unfettered election in that regard, and the executive order is not effective or operative until it has been accepted by him." However, the Court in Jago rejected the use of principles of contract law to determine whether a withdrawal of parole triggers a liberty interest. 454 U.S. at 17-21,102 S.Ct. at 34-36. The Court rejected the notion that a constitutionally protected liberty interest arises in the setting of parole from "mutually explicit understandings" between the board and the prisoner. Id. Thus, we find that Barnhart's acknowledging his acceptance of an anticipated offer of parole by affixing his signature to a parole certificate, which explains the terms and conditions of parole, did not create a liberty interest. The Court in Jago reasoned:
 "We would severely restrict the necessary flexibility of prison administrators and parole authorities were we to hold that any one of their myriad decisions with respect to individual inmates may, as under the general law of contracts, give rise to protected 'liberty' interests which could not thereafter be impaired without a constitutionally mandated hearing under the Due Process Clause."
454 U.S. at 19, 102 S.Ct. at 35.
We find to be without merit the following issues raised by Barnhart on appeal:
 (1) Whether the Board violated Barnhart's due process rights by granting him parole in a public hearing and then rescinding that order after the hearing without due process.
 (2) Whether the Board violated the Confrontation Clause by rescinding its order without allowing Barnhart the opportunity to respond.
 (3) Whether the Board violated state laws governing probation, §§ 15-22-1 et seq., Code of Alabama 1975.
 (4) Whether the circuit court erred in failing to hold an evidentiary hearing on Barnhart's petition.
 (5) Whether the circuit court erred in basing its ruling on Ohio law rather than Alabama law.
The judgment is hereby affirmed.
AFFIRMED.
All Judges concur.