On July 28, 2000, Eleanor Brooks, district attorney for Montgomery County, acting on behalf of the State of Alabama, Miriam Shehane, and Wanda G. Jones, filed an action against the Alabama Board of Pardons and Paroles (hereinafter the "Board"). In that action, Brooks sought a declaratory judgment and an injunction to prevent the Board from acting on its decision to parole Kenneth Thornton and Michael Thornton (hereinafter together referred to as "the Thorntons"). The Thorntons are brothers. On that same date, July 28, 2000, without providing the Board notice, the trial court issued a temporary injunction restraining the Board from releasing the Thorntons.
On August 1, 2000, the Board rescinded its decision to parole the Thorntons. On August 11, 2000, the trial court conducted a hearing and received ore tenus evidence regarding the issues raised in Brooks's complaint. Also on August 11, 2000, the *Page 244 
trial court entered a judgment that, among other things, declared the Board's decision to parole the Thorntons null and void and enjoined the Board from conducting "screening hearings" in the future. The Board appealed.
Under the practice followed by the Board from 1983 until July 17, 2000, when a prisoner became eligible to be considered for parole, a Board staff member reviewed the prisoner's file to determine whether any possibility existed that the prisoner might be granted parole. If the Board's staff member determined that a possibility existed that the prisoner might be granted parole, the staff member would recommend that the Board schedule a parole hearing for the prisoner. If, however, the Board's staff member reviewed the prisoner's file and concluded that there was no possibility that the prisoner would be granted parole, the staff member would then schedule a "screening hearing" for the prisoner.
Screening hearings are not provided for by statute or by the regulations governing the Board. It is undisputed that a crime victim is not notified if the Board conducts a screening hearing regarding the prisoner convicted of perpetrating the crime against him or her. Gladys Riddle, the Board's chairman, testified that the purpose of a screening hearing was to determine whether there was any possibility that the Board would consider granting parole to a prisoner. Riddle testified that if at a screening hearing, the Board agreed with the recommendation of its staff member and determined that there was no possibility of a prisoner being paroled, then the Board denied parole without conducting a formal parole hearing. Riddle testified that if the Board determined at a screening hearing that a grant of parole to a prisoner might be a possibility, it would then schedule a formal hearing and notify the prisoner's victim of that hearing, pursuant to the requirements of §15-23-79(b), Ala. Code 1975.
Nancy Conn McCreary, a former victims' rights advocate and a current member of the Board, testified that victims and district attorneys had been in favor of the Board's use of screening hearings. Riddle testified that the screening hearings were beneficial to victims because, if at the screening hearing the Board agreed with the recommendation of its staff member and determined that no basis existed for granting parole, the victim of the prisoner's crime did not have to needlessly appear at a parole hearing, worry about the case, or "relive" the crime again.
After consulting with an attorney in the Attorney General's Office, the Board decided, on July 17, 2000, to eliminate the use of screening hearings.
The record indicates that the Thorntons were two of three men convicted of the kidnapping, robbery, rape, and sodomy of Jones. Each of the Thorntons was sentenced to a prison term of 40 years. In 1998, the Thorntons each requested to be considered for parole; the Board considered and denied their requests.
The Thorntons again became eligible for consideration for parole in 2000. At that time, each had served approximately 16 years of his 40-year sentence. A Board staff member reviewed Kenneth Thornton's file and determined that, because a possibility existed that the Board might grant him parole, the Board should schedule a parole hearing for him. However, according to Riddle's testimony, the staff member who reviewed Michael Thornton's file concluded that the Board was not likely to grant him parole. Therefore, pursuant to its long-standing policy, on May 22, 2000, the Board conducted a screening hearing for Michael Thornton. *Page 245 
It is undisputed that Jones, the victim of the Thorntons' crimes, was not notified of the May 22, 2000, screening hearing for Michael Thornton. At the May 22, 2000, screening hearing, the evidence presented included the testimony of the Thorntons' mother, their brother, and a minister. At the conclusion of the screening hearing, the Board determined that there was a possibility it might grant Michael Thornton parole. A parole hearing for Michael Thornton was then scheduled and the Board notified Jones of that parole hearing. At Jones's request, the Board scheduled both parole hearings for the Thorntons on the same day.
Jones attended the Thorntons' parole hearings. After receiving evidence at those hearings, the Board granted parole to each of the Thorntons.
The Board first argues on appeal that the trial court erred in entering its August 11, 2000, judgment because, it argues, the dispute was moot at the time of the August 11, 2000, hearing. The Board argues that because, on August 1, 2000, it had rescinded its grant of the Thorntons' requests for parole, there was no justiciable controversy to be resolved by the trial court. See Bethune v. Nettles, 738 So.2d 850 (Ala. 1999); MasonryArts, Inc. v. Mobile County Comm'n, 628 So.2d 334 (Ala. 1993). However, assuming that the Board could validly "rescind" the Thornton's parole at that point, see Ellard v. Alabama Bd. of Pardons Paroles, 824 F.2d 937
(11th Cir. 1987), and Barnhart v. State, 686 So.2d 552 (Ala.Crim.App. 1996), where an action involves questions of great public interest or questions that are likely of repetition of the situation, courts may elect to address those questions. Arrington v. State ex rel. Parsons,422 So.2d 759 (Ala. 1982) (citing Byrd v. Sorrells, 265 Ala. 589,93 So.2d 146 (1957)). See also State ex rel. Eagerton v. Corwin,359 So.2d 767 (Ala. 1977). Also, Brooks's complaint sought a determination that the action of the Board was null and void and that the Board had improperly failed to notify Jones, the victim, of the May 22, 2000, screening hearing.
In Masonry Arts, Inc. v. Mobile County Comm'n, supra, the only relief Masonry Arts sought in its complaint was an injunction to prevent the execution of a contract. The trial court denied the request for an injunction, and, while the case was on appeal, the parties to the contract executed the contract. Our Supreme Court dismissed the appeal as moot, noting that no dispute existed related to the sole relief Masonry Arts had sought in its complaint. In this case, Brooks sought a judgment declaring the Board's grant of parole to the Thorntons null and void, because, she alleged, the Board had improperly conducted a hearing without the requisite notice to the victim of the prisoner's crime. The Board's rescission of the Thorntons' parole did not determine the issue whether its action was null and void because of the lack of notice for the May 22, 2000, screening hearing. Therefore, we conclude that this appeal is not moot.
The Board next argues that it was not given proper notice of the nature of the August 11, 2000, hearing, which was a hearing on the merits. The Board argues that in its July 28, 2000, order granting Brooks's ex parte request for the temporary injunction, the trial court stated that the matter was "set for hearing August 4, 2000." Pursuant to Rule 65(b), Ala.R.Civ.P., a preliminary injunction issued without notice to the enjoined party may remain in effect for only 10 days, and a hearing must be scheduled "at the earliest possible time." The Board argues that it assumed the August 11, 2000, hearing was to be conducted for the sole purpose of considering the issue of the preliminary *Page 246 
injunction. In support of its argument that it was not given adequate notice that the merits of the case would be considered at the August 11, 2000, hearing, the Board cited only Rule 65(b) for the general proposition that a hearing on a preliminary injunction must be set as soon as possible. However, a hearing on a preliminary injunction may be consolidated with a trial on the merits. Rule 65(a)(2), Ala.R.Civ.P.See also Committee Comments on 1973 Adoption, Rule 65, Ala.R.Civ.P.;TFT, Inc. v. Warning Sys., Inc., 751 So.2d 1238 (Ala. 1999). We cannot say that the Board's argument in its brief on appeal demonstrates that the trial court erred in considering the merits of the action at the August 11, 2000, hearing.
The Board also argues that the Thorntons were necessary parties to this action, and that the trial court erred in refusing to add them as parties. Rule 19(a), Ala.R.Civ.P., provides that a person subject to the court's jurisdiction shall be added as a party to an action if complete relief cannot be accorded among those who are already parties to the action or if the person "claims an interest relating to the subject of the action." The Board argues that the Thorntons have an interest in the subject of Brooks's action against it. However, prisoners have no liberty interest in parole. Barnhart v. State, 686 So.2d 552 (Ala.Crim.App. 1996) (holding that the prisoner's acceptance of an offer of parole and his signing a parole certificate did not create a liberty interest that would prevent the Board from rescinding its offer of parole without conducting a due-process hearing). See also Ellard v. Alabama Bd. of Pardons Paroles, 824 F.2d 937 (11th Cir. 1987). The trial court did not err in refusing to add the Thorntons as necessary parties to this action.
The Board briefly, and without citation to supporting authority, challenges the trial court's factual finding in which it determined that the Board had improperly failed to notify Jones of Kenneth Thornton's "de facto screening hearing." The trial court determined that Kenneth Thornton had received a de facto screening hearing at the May 22, 2000, screening hearing for Michael Thornton; the trial court concluded that Jones should have received notice of that hearing. We cannot say that the Board's argument in its brief on appeal merits a reversal of the trial court's factual finding on this issue.
The Board next argues that its use of the May 22, 2000, screening hearing did not violate the statutory provisions governing notice to crime victims of a prisoner's parole hearing. Alabama's Crime Victims' Rights Act, § 15-23-60 et seq., Ala. Code 1975, provides in part:
 "The victim shall have the right to be notified by the Board of Pardons and Paroles and allowed to be present and heard at a hearing when parole or pardon is considered pursuant to Section 15-22-36 et seq.[, Ala. Code 1975.]"
§ 15-23-79(b), Ala. Code 1975. The trial court, in entering its judgment, relied in part on § 15-23-79(b) in determining that the Board was required to provide Jones notice of the May 22, 2000, screening hearing for Michael Thornton. However, the Crime Victims' Rights Act became effective on January 1, 1996, and that Act applies only to crimes that occurred on or after that date. See Act No. 95-583, Ala. Acts 1995. The crime at issue in this case occurred in 1983, and would, therefore, fall outside the provisions of the Crime Victims' Rights Act. However, we conclude that § 15-22-36, Ala. Code 1975, referenced in §15-23-79(b), supports the trial court's judgment on this issue. *Page 247 
Section 15-22-36 provides in relevant part:
 "The Board of Pardons and Paroles shall have no power or authority to in any way approve or order any parole, pardon, remission of fine or forfeiture, restoration of civil and political rights, furlough, leave or early release of a person who has been convicted of [certain named offenses] until and unless at least 30 days written notice of the board action to be considered has been given by the board to the victim."
§ 15-22-36(e)(1), Ala. Code 1975 (emphasis added).
The trial court determined that at the May 22, 2000, screening hearing the Board considered the possibility of granting parole. Therefore, the trial court held, Jones was entitled to notice of the May 22, 2000, hearing, and that she was entitled to be present and to be heard at that hearing. The Board argues that the only purpose of a screening hearing is to determine whether to conduct a parole hearing to consider the prisoner for parole. The Board maintains that the decision whether to actually grant parole is not considered during a screening hearing. The Board argues that, during the May 22, 2000, screening hearing, it considered only whether it would grant Michael Thornton a parole hearing; the Board insists that during the May 22, 2000, screening hearing, it did not "in any way approve" or consider granting parole to Michael Thornton. Thus, the Board argues that because, it claims, it did not during the May 22, 2000, screening hearing consider the issue of granting parole to Michael Thornton it was not required to provide Jones notice of that screening hearing.
It is a well-settled rule of statutory construction that courts ascertain the Legislature's intent in enacting a statute from the language used in the statute itself, as well as from the reason for the statute and the goals the Legislature seeks to accomplish through the statute. McGuire Oil Co. v. Mapco, Inc., 612 So.2d 417 (Ala. 1992). All words of a statute are to be given effect, where possible. Ex parteDarnell, 262 Ala. 71, 76 So.2d 770 (1954). Words used in a statute are to be given their natural, plain, ordinary, and commonly understood meaning. IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344 (Ala. 1992).
A staff member for the Board determined that it was not possible that the Board would grant Michael Thornton parole. Therefore, according to its long-standing practice, the Board conducted a screening hearing for Michael Thornton on May 22, 2000. The record is clear that the May 22, 2000, screening hearing constituted much more than a mere review of the Board's files regarding the prisoner. At that screening hearing, the Board heard testimony from Thornton's mother, his brother, and a minister. The record indicates that the Board heard evidence concerning Michael Thornton's prison record and his employment prospects, should the Board decide to grant his request for parole. The witnesses for Michael Thornton also presented evidence indicating that he would have extensive family and community support if the Board granted him parole. However, at the May 22, 2000, hearing, no person was provided an opportunity to present evidence in opposition to the Board's considering whether to grant Michael Thornton a parole hearing. We cannot agree with the Board's argument that the May 22, 2000, screening hearing did not amount at least to a consideration of approving Michael Thornton for parole.
We conclude that the trial court correctly determined that the Board, in conducting the May 22, 2000, screening hearing, had, at the least, considered approving Michael *Page 248 
Thornton for parole. Section 15-22-36(e), Ala. Code 1975, clearly provides that a prisoner's victim receive 30 days' notice of any consideration by the Board of approving the grant of parole to the prisoner. We agree with that part of the trial court's judgment interpreting § 15-22-36(e) to require that Jones receive notice of the May 22, 2000, screening hearing. Therefore, we affirm the result reached by the trial court.
Although we affirm the result reached by the trial court, we agree with the Board's argument that that portion of the trial court's judgment finding that the Board's actions were "capricious" or "purposeful" is not supported by the evidence in the record. It is well settled that courts may not substitute their judgment for that of an administrative board.Hughes v. Jefferson County Bd. of Educ., 370 So.2d 1034 (Ala.Civ.App. 1979). The undisputed evidence was that the policy of conducting screening hearings was a long-standing policy, that it had been created in 1983 by previous members of the Board, and that, until the Thorntons' case, the use of screening hearings had been, according to the testimony of the Board's members, sanctioned by victims' rights advocates. The record contains no evidence to indicate that in this case the members of the Board acted capriciously or in purposeful disregard of the victim-notification statute by following its long-standing practice of conducting a screening hearing. The evidence relied on by the Board in deciding to grant parole to the Thorntons was in conflict. Although this court and the trial court might question the wisdom of the Board's decision to grant the Thorntons parole and might have reached a different result, we conclude that the evidence in the record does not support the trial court's factual findings regarding the nature of the Board's decision.
Some of the trial court's factual findings, discussed above, are not supported by the record. Nevertheless, other findings are supported by the evidence and support the trial court's judgment. Therefore, we affirm the judgment of the trial court.
AFFIRMED.
Yates, P.J., and Pittman and Murdock, JJ., concur.
Crawley, J., recuses himself.