Pat Gartman appeals from the trial court's judgment entered on the pleadings, upholding the decision of the Limestone County Board of Education ("the Board") to terminate Gartman's employment as a principal in the Limestone County school system. Gartman's appeal focuses on whether § 16-24B-3(c), a part of the "Teacher Accountability Act," § 16-24B-1 et seq., Ala. Code 1975 ("the Act"), applies to principals serving on a probationary basis in a local school system. We conclude that that section does not apply to principals serving on a probationary basis, and we affirm the trial court's judgment.
The facts of this case are neither complex nor in dispute. In July 2003, the Board hired Gartman to serve as a principal in the Limestone County school system. Gartman, who had no previous experience as a principal in the Limestone County school system, entered into an employment contract with the Board. The contract, which referred to Gartman as the "contract principal," specified that Gartman was to serve a probationary period until the end of the 2004-2005 school year.[1]
The contract stated that, at the end of the probationary period, the Board could "terminate the contract principal for any reason or without a stated reason." The contract further stated that if the Board did not terminate Gartman's employment at the end of the probationary period, she would be employed as a principal for a three-year term.
On May 24, 2005, the Board voted unanimously to terminate Gartman's employment as a principal. That same day, the superintendent of the Board notified Gartman of the Board's decision by certified letter.[2] On May 31, 2005, Gartman filed a complaint in the trial court, alleging that §16-24B-3(c), Ala. Code 1975, required the Board to vote to terminate her employment at least 90 days before the end of the 2004-2005 school year. On June 17, 2005, the Board answered Gartman's complaint and asserted that the §16-24B-3(c) did not apply to contract principals serving during a probationary period. Also on that date, the Board filed a motion for a judgment on the pleadings, see
Rule 12(c), Ala. R. Civ. P.; the Board submitted a *Page 928 
brief in support of that motion. In its brief, the Board asserted that § 16-24B-3(c) did not apply to principals such as Gartman who were serving during a probationary period. Gartman later filed a brief in response to the Board's motion, and the Board filed a reply brief. On August 11, 2005, the trial court heard oral arguments from the parties' attorneys. After considering those arguments, the trial court granted the Board's motion and entered a judgment on the pleadings in favor of the Board. This appeal followed.
We review a trial court's entry of a judgment on the pleadings de novo. Harden v. Ritter, 710 So.2d 1254,1255 (Ala.Civ.App. 1997). A court reviewing a judgment on the pleadings accepts the facts stated in the complaint as true and views them in the light most favorable to the nonmoving party. Id. at 1255-56.
As she did in the proceedings below, Gartman argues on appeal that, pursuant to § 16-24B-3(c), the Board had a duty to vote to terminate her employment as a principal at least 90 days before the end of the 2004-2005 school year and that the Board's failure to do so caused the termination of Gartman's employment to be void. Section 16-24B-3, Ala. Code 1975, provides, in pertinent part:
 "(a) Any other provision of law to the contrary notwithstanding, persons employed as principals in the public schools in Alabama on or after July 1, 2000, may, at the election of the employing board, be employed as probationary principals for up to one full contract year; provided, however, that if such person is being employed as a principal for the first time, such probationary period may be for up to two full contract years. After completion of such probationary period, the same employing board shall either offer the probationary principal not less than a three-year contract pursuant to this section or terminate the probationary principal for any reason, or without a stated reason, as the case may be.
In the case of a probationary principal who is terminated prior to the end of the school year, the probationary principal shall be entitled to the hearing process as described in this section. Any contract principal hired on or after July 1, 2000, to work in the capacity of a contract principal in a public school in the state shall be properly certified and shall be employed pursuant to a written contract for an initial period of not less than three years. The initial contract of not less than three years may only be canceled for cause as described in subdivision (1) of subsection (e). . . .
 "(b) Subject to the procedures described in subsection (c), in the case of a contract principal after the initial term of the contract, the contract shall be renewed for a period not less than three years, and shall contain a provision for cancellation during the term of the contract only for just cause, described in subdivision (1) of subsection (e).
 "(c) Notwithstanding whether the contract is the initial contract or other-wise, should the chief executive officer make a recommendation to the employing board followed by a majority vote of the board not to offer a new, renewed, or extended contract to the contract principal, the vote of the employing board shall be made at least 90 days before the end of the existing contract. The recommendation shall contain written notice of the decision of the chief executive officer and the reasons for the decision to nonrenew the contract. Notice shall be provided to the contract principal either by personal service or by certified mail, return receipt requested, mailed to the last known address of the contract *Page 929 
principal. The decision of the chief executive officer and the employing board may be based on any reason except personal or political reasons."
(Emphasis added.)
The sole issue Gartman raises on appeal is whether §16-24B-3(c) applies to probationary principals, which is a matter of statutory interpretation. "It is a well-settled rule of statutory construction that courts ascertain the Legislature's intent in enacting a statute from the language used in the statute itself, as well as from the reason for the statute and the goals the Legislature seeks to accomplish through the statute." Alabama Bd. of Pardons Parolesv. Brooks, 802 So.2d 242, 247 (Ala.Civ.App. 2001) (citingMcGuire Oil Co. v. Mapco, Inc., 612 So.2d 417
(Ala. 1992)). Words used in a statute are to be given their natural, plain, ordinary, and commonly understood meaning.IMED Corp. v. Systems Eng'g Assocs. Corp.,602 So.2d 344, 346 (Ala. 1992). "Further, it is well established that ` "[s]ections of the Code dealing with the same subject matter are in pari materia. As a general rule, such statutes should be construed together to ascertain the meaning and intent of each."'" State v. Amerada Hess Corp.,788 So.2d 179, 183 (Ala.Civ.App. 2000) (quoting New Joy YoungRest., Inc. v. State Dep't of Revenue, 667 So.2d 1384,1387 (Ala.Civ.App. 1995) (quoting in turn Locke v.Wheat, 350 So.2d 451, 453 (Ala. 1977))). "In construing a statute, the court must consider the entire statute and not an isolated part, giving to every clause effect in light of the subject matter and purpose of the enactment." Standard OilCo. v. State, 55 Ala.App. 103, 111, 313 So.2d 532, 539
(Civ.1975). "Statutory construction dictates that in construing a statute, a court must, if possible, avoid a construction that would place statutes in conflict with other statutes, and statutes should be resolved in favor of each other, when possible, so as to form one harmonious plan."Bryce Hosp. Credit Union, Inc. v. Warrior Dodge,Inc., 50 Ala.App. 15, 21, 276 So.2d 602, 607 (Civ.1973).
Section 16-24B-2(2) defines "contract principal" as "only those persons hired on or after July 1, 2000, and certified for the position of principal as prescribed by the State Board of Education and who are employed by an employing board as the chief administrator of a school. . . ." Section 16-24B-2(8) defines "probationary principal" as "[a]ny principal hired for the first time in any local school system as a principal on or after July 1, 2000." Gartman argues that the definition of "contract principal" used in § 16-24B-2(2) describes her status because she was hired as a principal, the chief administrator of a school, after July 1, 2000. Gartman further argues that, because she was serving as a probationary principal, as defined by § 16-24B-2(8), her status met both the definition of a contract principal and a probationary principal; therefore, she contends, a "probationary principal" is a "subspecies of contract principal." As such, Gartman argues that she was entitled to the 90-day notice afforded contract principals by § 16-24B-3(c).
In support of her argument, Gartman maintains that the opening language of § 16-24B-3(c) stating that "[n]otwith-standing whether the contract is the initial contract or otherwise" suggests that § 16-24B-3(c) applies to both contract principals and probationary principals. Gartman asserts that because the Act's definition section, § 16-24B-2, defines "contract principal" and "probationary principal" but not "initial contract," the term "initial contract" should be given its plain meaning when read in the statute. See DeKalb County LP Gas Co. v. Suburban Gas,Inc., 729 So.2d 270, 275 (Ala. 1998) (noting that *Page 930 
"[i]f the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect") (internal citations omitted). Merriam-Webster's CollegiateDictionary 643 (11th ed.2003) defines "initial" as: "of or relating to the beginning; . . . [f]irst." Gartman argues that her contract was her first contract and, therefore, that it fit within the parameters of § 16-24B-3(c). That argument cannot succeed for at least two reasons.
Gartman's argument fails to acknowledge the manner in which the term "initial contract" is used in the Act: §16-24B-3(a) provides that a person hired as a principal for the first time may serve for a probationary period of "two full contract years." Section 16-24B-3(a) further states that contract principals "shall be employed pursuant to a written contract for an initial period of not less than three years." Thus, § 16-24B-3(a) distinguishes between a "probationary" principal and a principal serving his or her "initial" contract as a contract principal because the probationary period can last up to two years while the initial contract for a contract principal can be no less than three years. It is clear that § 16-24B-3(a) uses the term "initial contract" in relation to a principal who is serving under the terms of his or her first contract as a contract principal after the completion of his or her probationary period.
Further, if read in isolation, the opening language of §16-24B-3(c) — "[notwithstanding whether the contract is the initial contract or otherwise" — would seem to support Gartman's argument. We cannot, however, read a portion of a statute in isolation. See Standard Oil Co. v.State, supra. Rather, we must examine the remainder of § 16-24B-3(c), which does not support Gartman's argument. Pursuant to § 16-24B-3(c), the notice sent to a contract principal whose employment has been terminated "shall contain written notice of the decision of the chief executive officer and the reasons for the decision to nonrenew the contract." Pursuant to § 16-34B-3(a), a probationary principal's employment can be terminated for "any reason, or without a stated reason. . . ." Thus, if we accepted Gartman's interpretation, we would be placing § 16-34B-3(a) in direct conflict with § 16-24B-3(c) because one subsection requires notice of the board's reasons for terminating the principal's employment while the other subsection expressly allows the board to withhold the reasons, if any, behind its decision to terminate a principal's employment. We are bound, however, to read the subsections in such a way as to avoid such a conflict and to promote one harmonious plan. SeeBryce Hosp. Credit Union, Inc. v. Warrior Dodge, Inc.
supra.
Also, contrary to Gartman's interpretation of the Act, §16-24B-3(e), Ala. Code 1975, specifically lists several reasons for which a contract principal's employment can be terminated. Section 16-24B-3(a) expressly provides that probationary principals can be terminated "for any reason," further distinguishing between contract principals and probationary principals. Because all of the sections of the Act deal with the same subject matter, we are bound to read all of the sections of the Act together. See State v. Amerada HessCorp., supra. The manner in which the terms "initial contract," "probationary principal," and "contract principal" are used and/or defined in the Act precludes the interpretation advanced by Gartman. See DeKalb County LPGas Co. v. Suburban Gas, Inc., supra; and Alabama Bd.of Pardons Paroles v. Brooks, supra. Accordingly, we decline to extend the 90-day notice requirement of §16-24B-3(c) to probationary principals because to do so *Page 931 
would be contrary to the Legislature's intent as expressed in the Act.
AFFIRMED.
CRAWLEY, P.J., and PITTMAN and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] As discussed infra, § 16-24B-2, Ala. Code 1975, defines the terms "contract principal" and "probationary principal," thus distinguishing between the two.
[2] Though the actual last day of Gartman's employment period, as defined in her contract, is disputed by the parties, there is no dispute that May 24, 2005, was less than 90 days from the end of that period.