THOMPSON, Judge.
Cleveland Holmes appeals from a summary judgment entered in favor of the Macon County Board of Education and Willie C. Thomas, in his official capacity as superintendent of education of the Macon County School District (hereinafter collectively referred to as “the defendants”) following the termination of his employment as a probationary principal during the 2004-2005 school year. We affirm.
On July 1, 2004, Holmes and the Macon County Board of Education entered into a “Principal Employment Contract” wherein Holmes was hired as the principal of the Tuskegee Institute Middle School. The contract provided, in pertinent part, as follows:
“The Contract Principal shall be employed as a probationary principal for a period of twelve months beginning on the 2nd day of August, 2004 and expiring on the 30th day of June 2005.... After completion of the probationary period, the board may terminate the Contract Principal for any reason or without a stated reason. The Contract Principal is not entitled to a hearing if the Con *206 tract Principal is terminated at the end of the probationary period. If the Contract Principal is not terminated at the end of the probationary period, the Contract Principal shall be employed for a period of 3 years beginning the day after completion of the probationary period.”
Willie C. Thomas, the superintendent, notified Holmes in a letter dated March 2, 2005, that Holmes’s employment contract would not be renewed following the expiration of Holmes’s probationary period on June 30, 2005. During an April 21, 2005, meeting of the Board, the Board voted unanimously not to extend Holmes’s employment contract beyond the completion of the probationary period. On May 9, 2005, Thomas notified Holmes, in compliance with § 16-24B-3, Ala.Code 1975, that the Board had voted not to extend Holmes’s employment contract.
On May 24, 2005, Holmes filed an action requesting injunctive relief and an expedited evidentiary hearing pursuant to § 16-24B-3(e)(2), Ala.Code 1975, for the purpose of presenting evidence in support of his allegation that his employment contract was not renewed for political and personal reasons.[1] On June 23, 2005, the defendants moved to dismiss the cause of action pursuant to Rule 12(b)(6), Ala. R. Civ. P., arguing that, given his status as a probationary principal, Holmes had failed to state a claim upon which relief could be granted.
On July 1, 2005, Holmes filed a motion for a summary judgment and a response to the defendants’ motion to dismiss. In support of his summary-judgment motion, Holmes attached his own affidavit, a copy of the manual for the Professional Education Personnel Evaluation System of Alabama (“PEPE”), a copy of Holmes’s May 26, 2005, PEPE, and a copy of a June 8, 2005, letter written by Holmes to Thomas objecting to the evaluation results. On August 1, 2005, the defendants filed an opposition to Holmes’s summary-judgment motion and filed documents in support of their motion to dismiss, seeking to convert their motion to dismiss to a motion for a summary judgment on Holmes’s claims. See American Trust Corp. v. Champion, 793 So.2d 811, 813 (Ala.Civ.App.2001) (“When a trial court considers matters outside the pleadings in ruling on a defendant’s motion to dismiss filed pursuant to Rule 12(b)(6), Ala. R. Civ. P., the motion is converted into a motion for a summary judgment.”).
In support of their summary-judgment motion, the defendants attached exhibits, including the affidavit of Thomas; Holmes’s probationary-employment contract for the 2004-2005 academic year; PEPE documents regarding Holmes; and copies of two grievances made in February 2005 and filed with the Alabama Education Association regarding Holmes’s performance as a principal. The defendants later supplemented their response and motion for a summary judgment with a second affidavit of Thomas; additional PEPE documents regarding Holmes; and a copy of this court’s decision in Gartman v. Limestone County Board of Education, 939 So.2d 926 (Ala.Civ.App.2006).
Following a hearing, the trial court entered a detailed judgment on June 20, *207 2006, granting the defendants’ motion for a summary judgment and denying Holmes’s motion for a summary judgment. Holmes appealed to our supreme court, which transferred the case to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
Holmes contends on appeal that the trial court erred in entering a summary judgment in favor of the defendants. He argues that he presented evidence creating a genuine issue of material fact as to whether the Board completed a mandatory evaluation of him 90 days before the end of his probationary period; he contends that such an evaluation was required before his employment could be terminated.
In granting the defendants’ summary-judgment motion, the trial court found that this court’s decision in Gartman v. Limestone County Board of Education, supra, holding that a probationary principal is not entitled to 90 days’ notice of termination, was controlling. The trial court determined that Holmes was a probationary principal and, as such, was not entitled to 90 days’ notice prior to termination of his employment. Regarding Holmes’s evaluation, the trial court concluded that any delay in Holmes’s evaluation was proximately caused by Holmes.
A motion for a summary judgment is properly granted where no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). “When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present ‘substantial evidence’ creating a genuine issue of material fact.” Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala.1999) (quoting Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989)). “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In reviewing a summary judgment, this court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts concerning the existence of a genuine issue of material fact against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
Holmes contends that § 16-24B-3(i)(1), a part of the “Teacher Accountability Act,” § 16-24B-1 et seq., Ala.Code 1975 (“the Act”), requires that he be evaluated annually “in a manner prescribed by the State Board of Education.” Section 16-24B-3(i)(1), Ala.Code 1975, states in its entirety that “[t]he chief executive officer, or his or her designee, shall at least annually evaluate the performance of each contract principal. The evaluation shall be performed in a manner prescribed by the State Board of Education.” Pursuant to the PEPE manual published by the Alabama Department of Education, “[t]he evaluation for contract principals must be completed at least 90 days prior to the termination of the contract period.”
Section 16-24B-2, Ala.Code 1975, a part of the Act, defines both contract principals and probationary principals. Section 16-24B-2(2), Ala.Code 1975, defines a “contract principal” as “only those persons hired on or after July 1, 2000, and certified for the position of principal as prescribed by the State Board of Education and who are employed by an employing board as the chief administrator of a school, including a vocational center.” A “probationary principal” is defined as “[a]ny principal hired for the first time in any local school system as a principal on or after July 1, 2000.” § 16-24B-2(8), Ala.Code 1975.
*208 In Gartman v. Limestone County Board of Education, supra, this court discussed the difference between a contract principal and a probationary principal while considering whether Gartman, a probationary principal, was entitled to a 90-day notice of her termination before the end of the school year pursuant to § 16-24B-3(c), Ala.Code 1975. Relying on principles of statutory construction, this court held that the Act distinguished contract principals from probationary principals and, when read as a whole, precluded the application of the 90-day notice requirement of § 16-24B-3(c) to probationary principals. In support of our holding in Gartman, we explained as follows:
“ ‘It is a well-settled rule of statutory construction that courts ascertain the Legislature’s intent in enacting a statute from the language used in the statute itself, as well as from the reason for the statute and the goals the Legislature seeks to accomplish through the statute.’ Alabama Bd. of Pardons & Paroles v. Brooks, 802 So.2d 242, 247 (Ala.Civ.App.2001) (citing McGuire Oil Co. v. Mapco, Inc., 612 So.2d 417 (Ala.1992)). Words used in a statute are to be given their natural, plain, ordinary, and commonly understood meaning. IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992). ‘Further, it is well established that “ ‘[s]ections of the Code dealing with the same subject matter are in pan materia. As a general rule, such statutes should be construed together to ascertain the meaning and intent of each.’ ” ’ State v. Amerada Hess Corp., 788 So.2d 179, 183 (Ala.Civ.App.2000) (quoting New Joy Young Rest., Inc. v. State Dep’t of Revenue, 667 So.2d 1384, 1387 (Ala.Civ.App.1995) (quoting in turn Locke v. Wheat, 350 So.2d 451, 453 (Ala.1977))). ‘In construing a statute, the court must consider the entire statute and not an isolated part, giving to every clause effect in light of the subject matter and purpose of the enactment.’ Standard Oil Co. v. State, 55 Ala.App. 103, 111, 313 So.2d 532, 539 (Civ.1975). ‘Statutory construction dictates that in construing a statute, a court must, if possible, avoid a construction that would place statutes in conflict with other statutes, and statutes should be resolved in favor of each other, when possible, so as to form one harmonious plan.’ Bryce Hosp. Credit Union, Inc. v. Warrior Dodge, Inc., 50 Ala.App. 15, 21, 276 So.2d 602, 607 (Civ.1973).”
Gartman, 939 So.2d at 929. The same principles of statutory construction relied on by this court in Gariman apply in this case.
According to Holmes, the defendants did not complete an evaluation of him as mandated in § 16—24B—3(i)(1), and, thus, he asserts, pursuant to § 16-24B-2(m), Ala. Code 1975, his employment should have been extended by at least one year.[2] However, both § 16—24B—3(i)(1) and the PEPE manual provide only for the evaluation of contract principals and not for the evaluation of probationary principals. The Act distinguishes between contract principals and probationary principals. By making this distinction, we must assume that the legislature intended to limit the application of § 16-24B-3(i)(1) to contract principals.
It is undisputed that Holmes entered into an employment contract with the Board wherein he was hired as a probationary principal for a period of one year. Because Holmes was a probationary prin *209 cipal, he was not entitled, pursuant to § 16-24B-3(i)(1), to an evaluation 90 days prior to the termination of his contract. Accordingly, the trial court’s summary judgment in favor of the defendants is due to be affirmed.
AFFIRMED.
CRAWLEY, P.J., and PITTMAN and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.

. Section 16-24B-3(e)(2)a., Ala.Code 1975, provides, in pertinent part, that, when the employing board decides not to renew the principal’s contract at the end of its current term, "the contract principal, by filing written notice with the chief executive officer, may request a nonjury, expedited evidentiary hearing to demonstrate that the chief executive officer’s or supervisor’s recommendation to nonrenew the contract was impermissibly based upon a personal or political reason. ...’’

. Section 16-24B-3(m), Ala.Code 1975, states that "[i]f a contract principal is not evaluated as required by this section, his or her contract shall be extended one additional contract year for each contract year not evaluated up to three years.”